Daniel A. Lev (CA Bar No. 129622)
dlev@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
ahami@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone:   213.626.2311
Facsimile:    213.629.4520

Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CLAIRE LEVINE,<br><br>         Debtor. | Case No. 2:12-bk-22639-ER<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S SUPPLEMENTAL OPPOSITION TO MOTION OF CAPITAL ONE, N.A., FOR RELIEF FROM THE AUTOMATIC STAY [3800 Wailea Alanui Drive, #B101, Kihei, HI 96753]**<br><br>DATE:    October 30, 2012<br>TIME:    10:00 a.m.<br>PLACE:  Courtroom 1575<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

AHAMI\ 2374353.1

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Howard M. Ehrenberg, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee") in the above-captioned case of Claire Levine, the debtor herein (the "Debtor"), hereby submits his supplemental opposition to the motion for relief from the automatic stay [Dkt. No. 63] (the "Motion"), filed by Capital One, N.A. ("Capital One").

I.

## INTRODUCTION

The Motion seeks to lift the stay to allow Capital One to foreclose on a highly desirable and valuable unit in a luxury complex in a prime location in Wailea, Hawaii, that has over $2,000,000 in equity (the "B101 Wailea Property"). At the prior hearing on the Motion, this Court denied the Motion as to the bankruptcy estate. At the time, the Trustee only was in the initial stages of his appointment and needed a meaningful opportunity to investigate the B101 Wailea Property, its value and salability, gain an understanding of its history and co-ownership, and locate and employ a real estate broker for the B101 Wailea Property. The Trustee has accomplished these tasks.[1]

The Trustee now requires sufficient time to market the B101 Wailea Property for sale, which will benefit Capital One and unsecured creditors. Based on the Trustee's discussions with his proposed broker, the peak season for the type of property at issue falls between November and late April. The Trustee seeks at least through such period to attempt to secure an appropriate offer for the property. Given the substantial equity cushion protecting Capital One, this Court should deny the Motion or, at a minimum, continue the hearing for at least 120 days to track the Trustee's marketing efforts.

---

[1] Concurrently herewith, the Trustee has filed an application to employ Coldwell Banker Island Properties as his real estate broker for the B101 Wailea Property.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## II.

## RELEVANT FACTS

### A.    Background

On April 10, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.  Subsequently, pursuant to an order of the Court entered on July 30, 2012, the chapter 11 case was converted to chapter 7.  Pursuant to a notice of appointment from the Office of the United States Trustee filed on August 2, 2012, Howard M. Ehrenberg became the duly appointed, qualified, and acting chapter 7 trustee for the Debtor's estate, and he continues to act in this capacity.

### B.    The Motion and Related Filings

On June 19, 2012, before conversion of this case, Capital One filed the Motion.  The Motion contends, among other things, that Capital One holds a senior secured claim in the amount of $6,446,092.77.  On August 24, 2012, approximately three weeks after appointment of the Trustee, Capital One served the Motion on the Trustee. See Dkt. No. 98.  On August 21, 2012, the Association of Apartment Owners of Wailea Beach Villas (the "Association") filed its opposition to the Motion.  The Association attached an appraisal of the B101 Wailea Property that it commissioned to its opposition (the "Association Appraisal").  The Association Appraisal valued the unit at $9,000,000.00.  On August 27, 2012, the Trustee filed his joinder in the Association's opposition.

On September 4, 2012, this Court conducted the initial hearing on the Motion.  At the hearing, the Court denied the Motion as to the bankruptcy estate and continued the hearing to October 30, 2012.[2]  Denial of the Motion was designed to afford

---

[2] On September 17, 2012, this Court entered its order denying the Motion as to the estate and continuing the hearing. See Dkt. No. 104.

AHAMI\ 2374353.1                                        3

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

the Trustee the time necessary to investigate this matter, the B101 Wailea Property and its value, and to locate and employ a real broker for the property.

C.    **The Trustee's Investigation of the B101 Wailea Property, Employment of a Broker, and Marketing of the Property**

Since the prior hearing, the Trustee has discussed this case and, particularly, the B101 Wailea Property, with several parties, including the Debtor, Gerald Goldstein ("Goldstein"), the co-owner of the B101 Wailea Property, the Association, as well as with the attorneys representing such parties, and his proposed real estate broker. As set forth in more detail in the concurrently-filed declaration of Thomas Muldoon, the B101 Wailea Property is a luxury, beachfront unit in a prime location in South Maui and within its complex of other units. It is constructed of excellent materials, contains high standard amenities, and is very close to Wailea Beach, on the front row of the complex. In short, this particular unit is in an exceptional location and is highly desirable. See Muldoon Declaration. In addition, the Trustee reviewed the Association Appraisal. Based on such discussions and a further examination and review of the Association Appraisal, the Trustee is satisfied with the findings of the Association Appraisal, including the appraised value, and has determined to adopt that appraisal.[3]

Moreover, concurrently herewith, the Trustee has filed his application to employ Coldwell Banker Island Properties ("Coldwell") and, more particularly, Thomas Muldoon of Coldwell, as his real estate broker for property. As set forth therein (and the concurrently filed Declaration of Thomas D. Muldoon), the B101 Wailea Property will be listed for sale at $9,500,000.00. According to Coldwell, the peak season for this type of property is between November and late April.

---

[3] Moreover, given that the Association Appraisal is fairly recent, the Trustee does not believe it is necessary to commission, and expend estate resources on, another appraisal of the B101 Wailea Property.

The only setback to marketing the property was the fact that the electricity had been turned off and the unit had not been cleaned for the past few months. After working with each of the Association, Goldstein, and Coldwell, the Trustee recently brokered an arrangement whereby the electricity will be restored at the unit, the property will be cleaned and Coldwell will resume an extensive marketing campaign.

Coldwell anticipates receiving offers for the property during the peak season.

III.

## THE MOTION SHOULD BE DENIED

A.   **Standard**

Section 362(d) provides, in part:

> On request of a party in interest . . . the court shall grant relief from the stay . . .
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest; [or]
>
> (2) with respect to a stay of an against property under subsection (a) of this section, if -
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

Section 362(g) allocates the burden of proof on a motion for relief under Section 362(d) as follows:

> (1) The party requesting relief . . . on the issue of the debtor's equity in the property; and
>
> (2) the party opposing such relief . . . on all other issues.

11 U.S.C. § 362(g).

"Cause" for lifting the automatic stay has no clear definition and is determined on case-by-case basis. See In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990); In re Conejo Enterprises, Inc., 96 F.3d 346, 352 (9th Cir. 1996). Courts have found

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

AHAMI\ 2374353.1                    5

"cause" when there is a lack of a sufficient equity cushion – i.e., the relation between the value of the property and the encumbrances on the property up to and including the priority of the lien held by the movant. See In re Mellor, 734 F.2d 1396,1400 (9th Cir. 1984) (discussing adequate protection). The "existence of an equity cushion as a method of adequate protection is . . . the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court." Id. (citing In re Curtis, 9 B.R. 110, 112 (Bankr. E.D. Pa. 1981). In fact, the existence of an equity cushion, standing alone, can provide the requisite adequate protection to deny a motion for relief from stay. See In re San Clemente Estates, 5 B.R. 605, 610 (Bankr. S.D. Cal. 1980); In re Tucker, 5 B.R. 180, 182 (Bankr. S.D.N.Y. 1980); see also, In re Curtis, 9 B.R. at 111 (finding that a sufficient equity cushion has been found to exist although not a single mortgage payment had been made).

As a general matter, liens junior to that of the movant are not factored into the equity cushion analysis (Mellor, 734 F.2d at 1400 (citing La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982))) and an equity cushion of 10% or greater has been deemed sufficient to provide a lienholder with adequate protection. Id., at 1401.

**B.    Capital One is More Than Adequately Protected by a Substantial Equity Cushion**

Capital One is protected by a substantial and sufficient equity cushion. Based on the claimed lien of approximately $6.5 million and an appraised value of $9.0 million, Capital One enjoys an "equity cushion" of at least $2.5 million. This is more than enough to provide the requisite adequate protection to warrant the outright denial of the Motion under section 362(d)(1).

**C.    The Estate Has Substantial Equity in the B101 Wailea Property**

Capital One is not entitled to relief from the stay under section 362(d)(2) either. Relief from stay under section 362(d)(2) requires satisfaction of both prongs, that

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

the property is not necessary for an effective reorganization and lack of equity in the property. 11 U.S.C. § 362(d)(2). Capital One cannot satisfy these requirements.

Because this is a chapter 7 case, the "effective reorganization" prong does not apply. See In re Preuss, 15 B.R. 896, 897 (9th Cir. BAP 1981) ("Since reorganization is not relevant in Chapter 7, the only issue is whether there is equity in the property."). As discussed above, there clearly is equity in the property. The total claimed liens against the B101 Wailea Property total, at most, slightly under $7.0 million. The appraised value of the property is $9.0 million and the property currently is listed for sale at $9.5 million. Based on these figures, the equity in the B101 Wailea Property ranges from approximately $2.0 to $2.5 million, with at least 50% belonging of the net equity to the estate.

As a result, the Motion should be denied.

**D.      No Alleged Bad Faith of the Debtor Should be Imputed to the Trustee**

The Trustee recognizes that there have been allegations of bad faith against the Debtor and this case was converted on such grounds. However, for all the reasons discussed on the record at the prior hearing, any such bad faith should not be imputed or attributed to the Trustee.

First, any alleged bad faith has been remedied by conversion of this case.

Second, the Court converted (rather than dismissed) the case to a chapter 7 based on the notion that the appointment of a trustee would be in the best interests of creditors in that he could market and sell the properties with equity for the benefit of creditors. Granting relief from stay to Capital One to foreclose on a property with so much equity would completely undermine the entire purpose of the conversion of this case in the first instance. Unsecured creditors would be deprived of any of the equity the Trustee could realize from the B101 Wailea Property if he were permitted a meaningful opportunity to market and sell the property.

**E.** **The Trustee is Diligently Working to Have the Property Marketed and Sold**

As set forth in the concurrently-filed declaration of Howard M. Ehrenberg, the Trustee has made substantial progress in his efforts to market and sell the B101 Wailea Property. Among other things, since the prior hearing, the Trustee has:

- Met and/or otherwise discussed this case separately with several critical parties, including the Debtor, the co-owner of the B101 Wailea Property, the Association, their respective attorneys, and Coldwell;

- Reviewed the Association Appraisal and other documents to gain an understanding of the B101 Wailea Property, its history, ownership, location, value and marketability;

- Located a real estate broker for the property and negotiated the listing agreement with the broker;

- Prepared and filed (concurrently herewith) his application to employ Coldwell; and

- Negotiated with various parties to have the electricity in the B101 Wailea Property restored (as it was off for at least several months) and have the property deep cleaned to ensure it is in a position to be shown to prospective buyers and otherwise marketed and sold.

Having resolved these issues, Coldwell will engage in an extensive marketing campaign (as more particularly described in the Muldoon declaration) in short order, in time for the peak season of November through late April.

## IV.

## CONCLUSION

There is substantial equity in the B101 Wailea Property that adequately protects Capital One. The Trustee should be permitted sufficient time to market and attempt to sell the property for the benefit of the estate. The Trustee understands that

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

the high season for the B101 Wailea Property falls between November and late April. As a result, the Motion should be denied or, at a minimum, continued for at least 120 days.

DATED: October 16, 2012

**Sulmeyer**Kupetz
A Professional Corporation

By: _____
Daniel A. Lev
Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

AHAMI\ 2374353.1

9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California  90071-1406.

A true and correct copy of the foregoing document entitled (*specify*): CHAPTER 7 TRUSTEE'S SUPPLEMENTAL OPPOSITION TO MOTION OF CAPITAL ONE, N.A., FOR RELIEF FROM THE AUTOMATIC STAY [3800 Wailea Alanui Drive, #B101, Kihei, HI 96753] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 16, 2012 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Sean D Allen    sda@sghoalaw.com
- Richard J Bauer    rbauer@mileslegal.com
- Mark Domeyer    mdomeyer@mileslegal.com
- Howard M Ehrenberg (TR)    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com
- Michelle R Ghidotti    mghidotti@ghidottilaw.com
- Asa S Hami    ahami@sulmeyerlaw.com
- Mehrdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@mccarthyholthus.com
- Dare Law    dare.law@usdoj.gov
- Daniel A Lev    dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Anne C Manalili    acmecf@laklawyers.com
- Dennis E Mcgoldrick    dmcgoldricklaw@yahoo.com
- Kelly M Raftery    bknotice@mccarthyholthus.com
- Peter J Rudinskas    pjr.legal@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jennifer C Wong    bknotice@mccarthyholthus.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 16, 2012 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Ernest M. Robles
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1560
255 E. Temple Street
Los Angeles, CA 90012-3332

☐ Service information continued on attached page.

---

DLEV\ 2373152.1 10/16/2012 (3:50 PM) This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed..

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 16, 2012 | Denise Givens | */s/Denise Givens* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DLEV\ 2373152.1 10/16/2012 (3:50 PM) This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**