CLAIRE LEVINE
P.O. Box 253
Pacific Palisades, CA  90272-0253
(213) 444-1413 – Phone
(866) 682-7474 – Fax
claire.litigation@gmail.com – Electronic Mail

Self-Represented Debtor

PETER RUDINSKAS
10920 Wilshire Blvd. #150-9106
Los Angeles, CA  90024-3990
(661) 375-7485 – Phone
(310) 388-6414 – Facsimile
pjr.legal@gmail.com – Electronic Mail

Self-Represented Creditor

**FILED**

**JAN 27 2014**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| In re:<br><br>CLAIRE LEVINE,<br><br>      Debtor. | Case No.    **2:12-bk-22639-ER**<br>Chapter 7 Voluntary Petition<br><br>**DEBTOR AND UNSECURED CREDITOR'S OPPOSITION AND JOINDER TO OPPOSITION OF TRUSTEE HOWARD EHRENBERG (DOC. 263) AND CREDITOR ASSOC. OF APARTMENT OWNERS OF WAILEA BEACH VILLAS (DOC. 264) TO MOTION FOR RELIEF FROM STAY (DOC. 248) OF MOVANT CAPITAL ONE, N.A. AS TO REAL PROPERTY LOCATED AT 3800 WAILEA ALANUI DR. #B101, KIHEI, HI**<br><br>Date:       February 3, 2014<br>Time:      10:00 a.m.<br>Location:  Courtroom 1568 (Roybal Crthse.) |

TO THE HONORABLE COURT, MOVANT CAPITAL ONE, N.A.[1], RESPONDENT TRUSTEE HOWARD

M. EHRENBERG, RESPONDENT CREDITOR ASSOCIATION OF APARTMENT OWNERS OF

WAILEA BEACH VILLAS[2], ALL INTERESTED PARTIES, AND THEIR RESPECTIVE COUNSEL:

---

[1] The terms "Movant" and "Capital One" as used herein abbreviate the movant more fully described in the moving papers (ECF Doc. 248) as "Capital One, N.A., its assignees and/or successors"

*In re: CLAIRE LEVINE*            - 1 -            *Bankr. Cal. C.D. No. 2:12-bk-22639-ER*
DEBTOR/UNSECURED CREDITOR'S OPPOSITION/JOINDER TO OPP. OF TRUSTEE (DOC. 263)/WBV/AOAO (DOC. 264)
TO MOTION FOR RELIEF FROM STAY OF MOVANT CAPITAL ONE, N.A. (DOC. 248)
AS TO REAL PROPERTY LOCATED AT 3800 WAILEA ALANUI DR. #B101, KIHEI, HI 96753

NOTICE IS HEREBY GIVEN that the Debtor Claire Levine and Unsecured Creditor Peter Rudinskas (herein "Respondents") individually and jointly oppose the motion for relief from stay, docketed as ECF No. 248, as to the real property located at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753 ("Subject Property" or "Villa B101").

## I. JOINDER TO THE OPPOSITION OF THE TRUSTEE AND CREDITOR AOAO/WBV

In the interest of judicial efficiency, the two above-named Respondents each join and incorporate by reference all argument and evidence submitted in opposition by Trustee Howard M. Ehrenberg (Doc. 264) and Creditor Association of Apartment Owners of Wailea Beach Villas (Doc. 263). All of points, authorities, evidence, and evidentiary objections are incorporated herein by reference.

## II. INTRODUCTION

**5 diverse parties[3] to this case**—the standing trustee, 2 creditors (including the secured junior lienholder on the property and an unsecured creditor), the debtor, and the codebtor—each have filed papers in opposition to the Movant's request for relief from stay, given that a more-than-adequate equity cushion exists in the Subject Property. Based on the evidence, the relief motion should be denied. In particular, the Movant relies on an absurdly low and out-of-bounds appraisal, lacking proper authentication,[4] that:

1.) is a substantial and inexplicable 28.3% price drop from the Movant's own appraisal of June 14, 2012—defying all semblance of credulity at a time when property values are increasing;

---

[2] As used herein, Creditor Association of Apartment Owners of Wailea Beach Villas, shall be abbreviated "AOAO/WBV"

[3] See also Opposition at ECF Doc. 263 (for Secured Creditor AOAO/WBV); Doc. 264 (for Trustee Howard Ehrenberg); Doc. 264, pg. 19 Decl. of Gerald Goldstein (for Secured Codebtor)

[4] The Respondents join and restate the standing trustee's evidentiary objection at ECF Doc. 264, pg. 2, fn. 9 for the Movant's lack of authentication in its primary piece of evidence—its property appraisal at ECF Doc. 248 Exh. 4 (numbered pg. 51-85 at Doc. 248.1 pg. 38 – Doc. 248.2 pg. 32).

DEBTOR/UNSECURED CREDITOR'S OPPOSITION/JOINDER TO OPP. OF TRUSTEE (DOC. 263)/WBV/AOAO (DOC. 264)
TO MOTION FOR RELIEF FROM STAY OF MOVANT CAPITAL ONE, N.A. (DOC. 248)
AS TO REAL PROPERTY LOCATED AT 3800 WAILEA ALANUI DR. #B101, KIHEI, HI 96753

2.) <u>abjectly ignores near-identical oceanfront listing/sales in the *same* resort development</u>;

3.) includes incongruous non-oceanfront and out-of-area "comparables" (<u>including 1 property on the opposite side of the island</u>, where even the weather is dramatically different);

4.) <u>makes no price distinction between oceanfront villas and non-oceanfront villas</u>, providing no appraisal value for the Subject Property's most rare and defining feature; and

5.) affords only zero or negative adjustment value for the Subject Property's ocean view.

## III. PROCEDURAL HISTORY

The Court has previously denied the Movant's requested relief as to the estate[5] on October 30, 2012, after affording the Movant opportunities on 4 separate dates to make its argument: Jul. 25 [absence of evidence of security interest (ruling at Doc. 93 pg. 12 (Exh. 2)], Aug 29 [late and defective notice (deficiency notice at Doc. 87)], Sep. 4 [continued as to the estate; defective notice (deficiency notice at Doc. 90)], and Oct. 30 [denial of motion as to the estate (order at Doc. 129)].

For that motion, the valuations were as follows:

$6.0m  Movant CapitalOne (Doc. 63 Exh. 4 (num. pg. 48-57 at Doc. 63.1 pg. 32-41))

$9.0m  Creditor WBV/AOAO (Doc. 92 Decl. (pg. 9-10); Doc. 92.1 Exh. 1)

Joinder: Standing Trustee (Doc. 99)

Even at that time, the $6.0m valuation was out-of-bounds and incongruent with the valuation of any other oceanfront resort property in the area.  Based upon the $9.0m certified appraisal, an ample equity cushion of approximately $2.5m or 38% existed for the Movant.  The motion as to the estate was appropriately denied without prejudice on October 30, 2012 (Doc. 129).

---

[5] After the Movant's 2012 motion for relief from stay was filed, the former Chapter 11 case was converted to Chapter 7.  Relief from stay as to the debtor was not contested.

DEBTOR/UNSECURED CREDITOR'S OPPOSITION/JOINDER TO OPP. OF TRUSTEE (DOC. 263)/WBV/AOAO (DOC. 264)
TO MOTION FOR RELIEF FROM STAY OF MOVANT CAPITAL ONE, N.A. (DOC. 248)
AS TO REAL PROPERTY LOCATED AT 3800 WAILEA ALANUI DR. #B101, KIHEI, HI 96753

On this iteration of the Movant's relief motion, the valuations are:

$4.3m Movant CapitalOne (Doc. 248 Exh. 4 (num. pg. 51-85 at Doc. 248.1 p.38–Doc. 248.2 p.32)

$9.0m[6] Creditor WBV/AOAO (Doc. 263 pg. 18-52; restates Doc. 92.1 Exh. 1)

$10.2m Standing Trustee (Doc. 264 pg.18 (Decl.), pg. 86-103 (Exh. C))

Although the amount due on the first lien has increased approximately $384,000 since the prior motion in 2012, an adequate equity cushion still exists (approx. $2.2m or 32%), based upon the earlier $9.0m valuation.  Moreover, statistical surveys indicate that average prices in the Wailea market have increased since mid-2012 on the order of 10-25%.  As such, _the amount of equity cushion to the first mortgage has actually increased_ since the prior motion, based upon the $10.2m certified appraisal (approx. $3.4m or 50%).

While a range of reasonable difference may exist between bona fide appraisals in the realm of $9-$11m, even the lowest appraisal submitted by any party other than the movant at $9.0m is still **109% higher** than the $4.3m appraisal submitted in exhibits with this motion.  Even the 28.3% price drop from the Movant's own prior appraisal at $6.0m is unexplained.  Under these unusual circumstances, the Movant's outlier appraisal must be appropriately discounted and excluded from the Court's consideration of this motion, particularly given the absence of authentication on the document.

The current relief motion was filed on December 2, 2013 (Doc. 248).  The original January 7, 2014 hearing date was stipulated by the parties (Doc. 255) and ordered (Doc. 258) to be continued to February 3, 2014.  Opposition has been previously filed by the Association of Apartment Owners of Wailea Beach Villas ("AOAO/WBV") (Doc. 263) and Standing Trustee Howard M. Ehrenberg (Doc. 264).

---

[6] Previous August 17, 2012 valuation—now conservative, in light of the increasing price environment.

## IV. MOVANT'S APPRAISAL SHOULD BE EXPLUDED AS INADMISSIBLE AND DEEPLY FLAWED

### A. Evidentiary Objection: Movant's Appraisal is Inadmissible

The Respondents object to the admissibility of the Movant's submitted appraisal (ECF Doc. 248 Exh. 4 [numbered pgs. 51-85 at Doc. 248.1 p. 38 – Doc. 248.2 p. 32]) on the grounds that the document is not authenticated (FRE 901) and therefore constitutes inadmissible hearsay (FRE 801-802).

### B. Fails to Include Comparable Oceanfront Listings/Sales in the Same Development

Most revealing to the defects in the Movant's appraisal is the abject failure to include any comparable listings/sales from the two oceanfront villas[7]—the A-Building and the B-Building—in the Wailea Beach Villas development. These two oceanfront structures are of near identical square footage, proximity to the ocean, age, and features[8] as the Subject Property. Each building has two upstairs units and two downstairs units. This limits the total oceanfront units to 8 for the entire Wailea Beach Villas Development—each are located the shortest distance to the ocean permitted for any property under the Wailea Community [land use/zoning] Plan

The Subject Property (Villa B101) is the only unit in the B-Building that has been recently marketed, however there has been recent activity in the A-Building. Second-floor Villa A-201 previously sold for $12,500,000 on May 25, 2010 (Doc. 263 pg. 25 Comp. #4; Doc. 264 pg. 90 Comp. #1) —at a time that the real estate market was undergoing pricing pressures. However, it is surprising that the Movant's appraiser elected to ignore the current listing at Villa A-202—a downstairs unit with near-identical feature configuration—which was priced at $10,900,000 (Doc. 264 pg. 92 Comp #4) at the time that the motion papers were filed. Since that time, Villa A-201 has been reduced in price to $10,300,000, in order to compete with the bankruptcy estate's price

---

[7] These two buildings have the closest setback to the ocean permitted under the Wailea Community Plan (local zoning regulation).
[8] The first-floor villas have a plunge pool, lawn and private outdoor shower, differing primarily in these respect from the features of the second-floor villas.

reduction of the Subject Property to $10,200,000. These listings are directly in-line with the Trustee's submitted appraisal of the Subject Property at $10,200,000 (Doc. 264 Exh. C p. 86-106).

**C. Movant's Appraisal Fails to Provide Reasonable Value for Oceanfront Proximity**

It is revealing that the Movant's appraisal affords only zero[9], nominal value[10], or even negative value[11] for the unit's oceanfront proximity. This is a fundamental and insurmountable defect in the Movant's appraisal. As noted in the preceding section, the appraiser's omission of any oceanfront comps obscured this flaw in the price analysis. The Subject Property is only steps away from world-famous Wailea Beach—ranked America's Best Beach in 1999[12] and has remained continuously among the top beaches in Hawaii.

As noted above, only 8 oceanfront villas exist in the development; an even fewer number are for sale. In fact, no recent sale in the A-Building and B-Building has taken place for less than $10 million. In contrast, no unit has sold in the other villas or penthouses has ever sold for any figure near $10 million. This is a true bifurcated/trifurcated market—even within the same development—and the appraisal fails to provide reasonable market value for the pricing factors.

The Wailea Beach Villas properties included in the Movant's price analysis[13] are not oceanfront villas, but rather terraced villas and high-rise penthouse units which are located

---

[9] Zero pricing adjustment is made between for oceanfront proximity in comparing the Subject Property and the terraced villas C301, F302, E202 (Doc. 248.2 pg. 7-8)

[10] $187,000 proximity adjustment relative to PH-405; $215,000 proximity adjustment relative to for PH-505 (Doc. 248.2 p.3 Comp. 1-2)

[11] Remarkably, there is a negative $250,000 proximity price adjustment relative to unit at Wailea Point (Doc. 248.2 p.3 Comp. 3), even though Wailea Point unit is many yards above a rocky shoal and has no beach frontage. The closest beach is Wailea Beach—directly in front of the Subject Property

[12] By beach expert Dr. Stephen P. Leatherman, Professor and Director of the Laboratory for Coastal Research at Florida International University; see http://www.drbeach.org/pastwinners.htm .

[13] It should also be noted that the price analysis of the terraced villas is also highly selective, as it excluded the E-302 listing at $6,900,000. The F-302 listing has increased in listing price to $6,775,000 since the time that the Movant's price analysis was performed. When incorporating a fair price adjustment for oceanfront proximity, ocean view, and amenities, these valuations further support the $9m-$11m range put forward by the opponents to this motion.

*In re: CLAIRE LEVINE*                          - 6 -                          *Bankr. Cal. C.D. No. 2:12-bk-22639-ER*
DEBTOR/UNSECURED CREDITOR'S OPPOSITION/JOINDER TO OPP. OF TRUSTEE (DOC. 263)/WBV/AOAO (DOC. 264)
TO MOTION FOR RELIEF FROM STAY OF MOVANT CAPITAL ONE, N.A. (DOC. 248)
AS TO REAL PROPERTY LOCATED AT 3800 WAILEA ALANUI DR. #B101, KIHEI, HI 96753

hundreds of feet away from the ocean.  Prior sales history suggests that that such units sell at a substantial discount to the oceanfront villas in the A and B-buildings.  However, no price adjustment for this ocean proximity was provided in the price analysis for the terraced villas and only a low six-figure price adjustment was provided for the comparison with the high-rise penthouse units (Doc. 248.2 pg. 3, 7-8).  Similarly, the ocean view is dramatically more remote and is, in certain instances, obstructed.  Remarkably, the oceanfront characteristic of the Subject Property is provided little or no value under this analysis.

Even more strangely, the Subject Property was given a negative adjustment relative to a much older, smaller, non-beachfront, non-oceanfront property[14] at Wailea Point (4000 Wailea Alanui Dr.) (Doc 248.2 pg. 3 Comp. 3), which was built on a lava bluff above a rocky shoal and has absolutely no beach access of its own.  (The closest beach is Wailea Beach, which is the desirable feature of the Subject Property, requiring a non-trivial walk from any property in the Wailea Point development.)  The Wailea Point property is not zoned as resort property, nor does it offer beach amenities (as it does not offer frontage to a beach.)

### D. Movant's Appraisal Includes a Comp from Lahaina—36 miles away

It is revealing that the Movant provided a negative price adjustment relative to a less desirable unit in Lahaina, which is 36.7 miles (estimated 59 minutes by road).[15]  The Lahaina area is considerably higher density and less desirable, relative to the Wailea-Makena market.  The weather for Lahaina is markedly different—fewer days of sunshine, raining more often and more intensively[16]—given the volcanic and mountainous features of the Island of Maui shielding the

---

[14] Older building age: 26yr vs. 7yr (only a nominal $4,500 price adjustment); smaller building size: 2394sf vs. 2879sf (only a nominal $36,375 price adjustment); proximity/view: negative $350,000 despite not having any beach or any beach amenities
[15] The appraiser's 26.01 mile figure is, itself incorrect—it is 26 miles over ocean and inaccessible volcanic mountain, however it is 36.7 miles by road per Google Maps (maps.google.com)
[16] Compare Makena with Kapalua at http://www.currentresults.com/Weather/Hawaii/yearly-rainfall.php; see also http://en.wikipedia.org/wiki/Maui "Climate" section

DEBTOR/UNSECURED CREDITOR'S OPPOSITION/JOINDER TO OPP. OF TRUSTEE (DOC. 263)/WBV/AOAO (DOC. 264)
TO MOTION FOR RELIEF FROM STAY OF MOVANT CAPITAL ONE, N.A. (DOC. 248)
AS TO REAL PROPERTY LOCATED AT 3800 WAILEA ALANUI DR. #B101, KIHEI, HI 96753

southwestern portion of the island from the trade winds.  This is why the Wailea-Makena market commands a higher value per square foot, relative to a property on the other side of the Island. The appraisal is flawed in this respect, given that the two properties are not comparable and no adjustment is made in favor of the Subject Property.

### E. Movant's Appraisal Uses Incorrect Square Footage Valuation Adjustment for Penthouses

It is rather surprising that the <u>Movant's appraiser indicated only a $68,850 price adjustment for square footage when comparing a Wailea Beach Villas penthouse unit to the Subject Property, which is 918 s.f. (46.8%) larger</u>.  The high-rise penthouses bear only minimal resemblance to the villas, as they are significantly smaller, higher density structures that are setback a considerably greater distance from the ocean and lack the amenities of the Villas.

If treating these properties as "comps", one would expect significant adjustments totaling in excess of seven-figures, accounting for their smaller size, much greater distance from the ocean, lack of amenities (private garage/plunge pool/lawn/outdoor shower), greater community noise, and lower ownership interest in the common property within the development, among other factors.  The combined total of all adjustments in the Movant's appraisal for the penthouse units does not even exceed $191,350 (Doc. 248.2 pg. 3)!  This is another absurd result.

### F. Movant's Appraisal Fails to Provide Any Value for Resort Zoning/Amenities

Unlike the Wailea Point/Lahaina properties, the Wailea Beach Villas are resort condominiums zoned "H-1 H-2 hotel" (Doc. 248.1 pg. 1 "Specific Zoning Classification").  The development has a full-time professional amenities staff (including front desk, concierge, beach attendant, etc.), with substantial meeting, exercise, and recreational common areas.  Apart from these amenities, there appears to be no adjustment made for the shared interest in the development which is, itself, valuable, given the unusual zoning of the Subject Property.

## V. JOINDER TO REQUEST FOR CONTINUANCE; REQUEST FOR AN EVIDENTIARY HEARING

Given the irregularities with the Movant's appraisal, I request that the matter be continued or set for an evidentiary hearing, given that the Subject property is the largest single real property asset of the estate. A favorable sale and orderly sale is necessary for the satisfaction of claims of unsecured creditors to this action. The Respondents do not believe that there is any jeopardy to the Movant, given the substantial equity cushion; however, the Respondents believe that there may be another transactional solution in which the Movant is made whole.

I was previously made aware that the Trustee and WBV/AOAO would be opposing the motion; however, I first saw the text of the opposition and the supporting appraisals after the time that they were filed. I am aware of additional evidence that supports the positions put forward by the Trustee and WBV/AOAO, which I was unable to prepare in time for this hearing. (Further legal advice was needed with regard to one issue that has arisen since the time that this motion was filed.)

For the reasons set forth above, the Respondents respectfully ask for the motion to be denied or continued.

Respectfully Submitted,

Dated: January 24, 2014

_____
CLAIRE LEVINE
Debtor

Dated: January 24, 2014

_____
PETER RUDINSKAS
Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
   780  E. 17th Street, Los Angeles, CA  90021-3001
A true and correct copy of the foregoing document entitled: **DEBTOR AND UNSECURED CREDITOR'S OPPOSITION AND JOINDER TO OPPOSITION OF TRUSTEE HOWARD EHRENBERG (DOC. 263) AND CREDITOR ASSOC. OF APARTMENT OWNERS OF WAILEA BEACH VILLAS (DOC. 264) TO MOTION FOR RELIEF FROM STAY (DOC. 248) OF MOVANT CAPITAL ONE, N.A. AS TO REAL PROPERTY LOCATED AT 3800 WAILEA ALANUI DR. #B101, KIHEI, HI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 22, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**MOVANT**: CREDITOR: CAPITAL ONE, N.A.:
   Mehrdaud Jafarnia on behalf of Creditor CAPITAL ONE, N.A., its assignees and/or successors -
      bknotice@mccarthyholthus.com, mjafarnia@mccarthyholthus.com
   Mehrdaud Jafarnia on behalf of Creditor CAPITAL ONE, N.A. - bknotice@mccarthyholthus.com, mjafarnia@mccarthyholthus.com
   Kelly M. Raftery on behalf of Creditor CAPITAL ONE, N.A., its assignees and/or successors - bknotice@mccarthyholthus.com
   Jennifer C. Wong on behalf of Creditor CAPITAL ONE, N.A., its assignees and/or successors - bknotice@mccarthyholthus.com
   Kristin A. Zilberstein on behalf of Creditor CAPITAL ONE, N.A., its assignees and/or successors - bknotice@mccarthyholthus.com
**RESPONDENT**: LIENHOLDER (JUNIOR): ASSOCIATION OF APARTMENT OWNERS OF WAILEA BEACH VILLAS:
   Anne C. Manalili on behalf of Creditor ASSOCIATION OF APARTMENT OWNERS OF WAILEA BEACH VILLAS-acmecf@laklawyers.com
**RESPONDENT**: TRUSTEE: HOWARD M. EHRENBERG (TR) - ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com; C123@ecfcbis.com
      GENERAL BANKRUPTCY COUNSEL: SULMEYERKUPETZ, P.C.
   Daniel A. Lev on behalf of Trustee HOWARD M EHRENBERG (TR) - dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
   Daniel A. Lev on behalf of Interested Party Courtesy NEF - dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
   Asa S. Hami on behalf of Trustee HOWARD M EHRENBERG (TR) - ahami@sulmeyerlaw.com
   Asa S. Hami on behalf of Interested Party Courtesy NEF - ahami@sulmeyerlaw.com
      SPECIAL COUNSEL: Special Counsel MILLER BARONDESS LLP
   Jennifer M. Hashmall on behalf of Trustee HOWARD M EHRENBERG (TR) -
   Jennifer M. Hashmall on behalf of Special Counsel MILLER BARONDESS LLP -
   Jennifer M. Hashmall on behalf of Special Counsel Courtesy NEF -
   mhashmall@millerbarondess.com, cconklin@millerbarondess.com
U.S. TRUSTEE: UNITED STATES TRUSTEE (LA) - ustpregion16.la.ecf@usdoj.gov
   Dare Law on behalf of U.S. Trustee UNITED STATES TRUSTEE (LA) - dare.law@usdoj.gov
OTHER CREDITORS/INTERESTED PARTIES – see attached page ☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **January 22, 2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

-NO PARTIES SERVED-                                         ☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 22, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Hon. Judge Ernest M. Robles, United States Bankruptcy Court,
      255 E. Temple Street, Suite 1560, Los Angeles, CA  90012 (*via Personal Delivery*)
                                                      ☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 27, 2013 | | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT
## (*continuation*)

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: [*continued*]

**RESPONDENT**: DEBTOR: Claire Levine on behalf of Debtor CLAIRE LEVINE - clairegoldstein@gmail.com
Dennis E. McGoldrick on behalf of Debtor CLAIRE LEVINE - dmcgoldricklaw@yahoo.com
Thomas M. Geher on behalf of Debtor CLAIRE LEVINE - tmg@jmbm.com, we1@jmbm.com; fc3@jmbm.com
Joseph A. Eisenberg on behalf of Interested Party Courtesy NEF - jae@jmbm.com, vr@jmbm.com;
tgeher@jmbm.com; bt@jmbm.com; as5@jmbm.com

**RESPONDENT**: CREDITOR: PETER J. RUDINSKAS:
Peter J. Rudinskas on behalf of [Creditor and] Interested Party Courtesy NEF - pjr.legal@gmail.com

**SECURED CODEBTOR**: CREDITOR: GERALD GOLDSTEIN:
Jonathan B. Cole on behalf of Creditor GERALD GOLDSTEIN - jcole@nemecek-cole.com,
srodriguez@nemecek-cole.com; wjeffries@nemecek-cole.com; kmorganella@nemecek-cole.com

OTHER CREDITORS / CNEF INTERESTED PARTIES:

11847 GORHAM HOMEOWNERS ASSOCIATION:
Sean D. Allen on behalf of Creditor 11847 GORHAM HOMEOWNERS ASSOCIATION - sda@sghoalaw.com
Sean D. Allen on behalf of Interested Party Courtesy NEF - sda@sghoalaw.com

BANK OF AMERICA, N.A.:
WELLS FARGO BANK, N.A...:
THE BANK OF NEW YORK MELLON, AS TRUSTEE:
Mark Domeyer on behalf of Creditor BANK OF AMERICA, N.A.... - mdomeyer@mileslegal.com
Mark Domeyer on behalf of Creditor WELLS FARGO BANK, N.A... - mdomeyer@mileslegal.com
Mark Domeyer on behalf of Creditor THE BANK OF NEW YORK MELLON, as Trustee... - mdomeyer@mileslegal.com
Cori B. Jones on behalf of Creditor THE BANK OF NEW YORK MELLON, as Trustee... - cjones@mileslegal.com
Brian H. Tran on behalf of Creditor THE BANK OF NEW YORK MELLON, as Trustee... - btran@mileslegal.com
Brian H. Tran on behalf of Interested Party Courtesy NEF - btran@mileslegal.com
Richard J. Bauer, Jr on behalf of Interested Party Courtesy NEF - rbauer@mileslegal.com

J.P.MORGAN CHASE BANK, N.A.:
Krsto Mijanovic on behalf of Creditor JPMORGAN CHASE BANK, N.A. - kmijanovic@hbblaw.com

NAPOLI PALISADES PARTNERS, LLC:
Michelle R. Ghidotti on behalf of Creditor NAPOLI PALISADES PARTNERS, LLC mghidotti@ghidottilaw.com,
jlavayen@ghidottilaw.com

MORTIMER SACKLER:
Christy Rivera on behalf of Creditor MORTIMER SACKLER - crivera@chadbourne.com

###

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

*In re: CLAIRE LEVINE*                      Page 2                      *Bankr. Cal. C.D. No. 2:12-bk-22639-ER*

**F 9013-3.1.PROOF.SERVICE**