PETER RUDINSKAS
< pjr.legal@gmail.com >
P.O. Box 24671
Los Angeles, CA  90024-0671
(661) 375-7485 – Phone
(310) 388-6414 – Facsimile

Creditor, *in pro se*

Gerard L. Friend (Cal. Bar No. 101718)
< GLFriend@GerardFriend.com >
LAW OFFICE OF GERARD L. FRIEND
1348  S. Flower Street
Los Angeles, CA  90015-2908
(213) 689-8900 – Phone
(213) 689-8901 – Facsimile

Limited Scope Motion Counsel to
Creditor PETER RUDINSKAS

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>        CLAIRE LEVINE,<br><br>            Debtor. | Case No.      **2:12-bk-22639-ER**<br>Chapter 7 Voluntary Case<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER FOR EXAMINATION UNDER FED. R. BANKR. P. RULE 2004 OF:**<br>    **1.) TRINITY FINANCIAL SERVICES, LLC,**<br>    **2.) DON A. MADDEN, III, AND**<br>    **3.) DAVID VO**<br><br>**AS PARTIES POSSESSING INFORMATION RELATING TO THE RECORDED INTEREST OF TRINITY FINANCIAL SERVICES, LLC AGAINST REAL PROPERTY ADMINISTERED BY THE ESTATE AT 3800 WAILEA ALANUI DRIVE #B101, KIHEI, HAWAII 96753**<br>(F.R.Bankr.P. rule 2004, LBR 2004-1)<br><br>*(Filed herewith: Points and Authorities / Declaration; Request for Judicial Notice; Notice of Lodgment of Proposed Order)*<br><br>[Motion may be granted without a hearing]<br>    (LBR 2004-1(d) / LBR 9013-1(p)(3))<br><br>Location:      255 E. Temple St., Courtroom 1568<br>                  Los Angeles, CA  90012 |

TO THE HONORABLE ERNEST M. ROBLES, JUDGE OF THE U.S. BANKRUPTCY COURT;

TO THE DEBTOR, CLAIRE LEVINE, AND HER COUNSEL;

TO THE INTERESTED PARTY GERALD GOLDSTEIN, AND HIS COUNSEL;

TO THE STANDING TRUSTEE, HOWARD M. EHRENBERG, AND HIS COUNSEL;

TO THE REGION 16 UNITED STATES TRUSTEE, PETER C. ANDERSON, AND HIS COUNSEL;

TO THE EXAMINEE TRINITY FINANCIAL SERVICES, LLC, AND TO THE REPRESENTATIVE(S)

DESIGNATED ON ITS BEHALF TO TESTIFY ABOUT INFORMATION KNOWN OR

REASONABLY AVAILABLE TO THE ENTITY, AND HIS/HER/THEIR/ITS COUNSEL;

TO THE EXAMINEE DON A. MADDEN, III, AND HIS COUNSEL;

TO THE EXAMINEE DAVID VO, AND HIS COUNSEL;

TO ALL OTHER INTERESTED PARTIES, AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that unsecured creditor[1] to the bankruptcy herein, Peter J. Rudinskas (herein "Movant"[2]), respectfully moves the U.S. Bankruptcy Court for the Central District of California, Los Angeles Division (herein "Court"), located at 255 E. Temple Street, Los Angeles, California  90012, for an Order for Examination Under Fed. R. Bankr. P. rule 2004 of: 1.) Trinity Financial Services, LLC, 2.) Don A. Madden, III, and 3.) David Vo (herein "Examinees"), each of whom have discoverable information relating to the July 21, 2016 recorded interest of Trinity Financial Services, LLC (herein "Trinity Recordation")[3] against real property administered by the bankruptcy estate at 3800 Wailea Alanui Drive #B101, Kihei, Hawaii 96753 (herein "Maui Property").  The Trinity Recordation relates directly to the prepetition property, liabilities, and financial condition of the debtor, and to related postpetition to matters which affect the administration of the bankruptcy estate, within the scope of F.R.Bankr.P. rule 2004(b).

---

[1] Claim No. 9, a duly-interested party for purpose of FRBP rule 2004(a)

[2] Movant remains a self-represented party, but has been assisted by limited-scope counsel related to the filing this motion.  Parties should generally continue to serve Mr. Rudinskas directly.

[3] Haw. Land Court Recordation No. T9698086 (Request for Judicial Notice Exhibit 6 at pgs. 40-41)

**PLEASE TAKE FURTHER NOTICE** that the Movant intends to summon the oral examination of Trinity Financial Services, LLC (herein "Trinity Financial" or "Trinity"), by and through the representative(s) designated on its behalf, to testify about information known or reasonably available to it as to the matters set forth with reasonable particularity in attached **Exhibit A**, by subpoena consistent with F.R.B.P. rule 2004(c), F.R.B.P. rule 9016, and F.R.Civ.P. rule 45.

**PLEASE TAKE FURTHER NOTICE** that the Movant intends to summon the oral examination of individuals Don A. Madden, III and David Vo, by subpoena consistent with F.R.B.P. rule 2004(c), F.R.B.P. rule 9016, and F.R.Civ.P. rule 45, as the specific officers, directors, managers, and/or employee-agents of Trinity Financial with personal and direct knowledge of:

> **Don A. Madden, III**: The two declarations under penalty of perjury signed by Mr. Madden on behalf of Trinity Financial relating to the recorded encumbrance against the Maui Property and filed in *In re: Even St. Productions, Ltd.* (Bankr. Cal. C.D. 2:13-bk-24363) as:
>
>> **Even St. Claim 17:** Apr. 24, 2017 Proof of Claim (Req. for Jud. Ntc. Exh. 11 (p.74));
>>
>> **Even St. Doc. 757:** May 9, 2017 Declaration in Suppt. of Motion for Relief from Stay pgs. 6-11 (Req. for Jud. Ntc. Exh. 12 at pgs. 112-117)
>
> **David Vo**: The written offer made by Mr. Vo apparently on behalf of Trinity Financial on or about September 25, 2015 to settle the asserted encumbrance of Trinity Financial against the Maui Property for $50,000, and the written acceptance of the offer on or about October 6, 2015.

**PLEASE TAKE FURTHER NOTICE** that the Movant intends to compel the Examinees to produce designated documents, electronically stored information, and tangible things in the Examinees' possession, custody, and/or control set forth with reasonable particularity in attached **Exhibit B** (herein "Production Request") by subpoena consistent with F.R.B.P. rule 2004(c), F.R.B.P. rule 9016, and F.R.Civ.P. rule 45, and to permit the inspection, copying, testing, or sampling of the materials and premises set forth in **Exhibit B**.

*In re: Claire LEVINE* - 3 - *Bankr. Cal. C.D. No. LA-12-22639-ER*
MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC
NOTICE OF MOTION AND MOTION

**PLEASE TAKE FURTHER NOTICE** that the Movant requests Examinees' production of digital or paper copies the responsive documents and/or electronically stored information set forth on the Production Request (**Exhibit B**) by no less than 48 hours in advance of the oral examination, unless modified by stipulation between the Movant and Examinee or by further order of the Court, to be received by the receptionist at LAW OFFICE OF GERARD L. FRIEND at 1348  S. Flower Street, Los Angeles, CA  90015-2908, or by another mutually stipulated method.

**PLEASE TAKE FURTHER NOTICE** that the Movant, upon issuance of the order, intends to summon and notice the Examinees' oral examination to take place on Tue., <u>December 26, 2017</u>, or an alternative date[4] mutually stipulated between the Movant and Examinee and noticed to the interested parties of record, to be held at the Conference Room of the LAW OFFICE OF GERARD L. FRIEND at 1348  S. Flower Street, Los Angeles, CA  90015-2908, for the following schedule:

|  |  |
|---|---|
| 9:15 a.m. | Trinity Financial Services, LLC |
| 2:30 p.m. | David Vo |
| 3:30 p.m. | Don A. Madden, III |

**PLEASE TAKE FURTHER NOTICE** that, if interrupted or adjourned, the examination may be continued from day-to-day until completed, or by other mutually stipulated schedule.

**PLEASE TAKE FURTHER NOTICE** that, in a manner consistent with F.R.Civ.P. rule 45(a)(1)(B), the examination shall be recorded by written transcript and/or by digital audio.

**PLEASE TAKE FURTHER NOTICE** that, in a manner consistent with F.R.Civ.P. rule 45(a)(1)(B), the Movant reserves the right to record all examination testimony by digital video technology with prior notice to the examinee and other parties, in addition to the other method(s) of recordation, and to use video recordings of such examinee in any further proceedings that might arise.

---

[4] The requested order specifies the outer date of the oral examination to be December 31, 2017. The Movant would invite a date on or before Dec. 22, 2017, if the Examinee is agreeable to that.

**PLEASE TAKE FURTHER NOTICE** that the Movant reserves the right to allow the participation of interested parties to the bankruptcy estate, not requiring the administration of an oath or affirmation, by telephonic audio from a remote location.

**PLEASE TAKE FURTHER NOTICE** that correspondence regarding this Motion, the arrangements for the Examination, and the delivery of the Production Request may be directed to the Movant, Peter Rudinskas, by electronic mail to pjr.legal@gmail.com or by facsimile to (310) 388-6414.

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of Motion and Motion; the supporting Points and Authorities / Declaration, Request for Judicial Notice, and Notice of Lodgment of Proposed Order will be provided to any other interested party for no cost upon written request to the electronic mail address pjr.legal@gmail.com or to the facsimile (310) 388-6414.

**PLEASE TAKE FURTHER NOTICE** that the Movant requests that the Court grant this motion without a hearing, as provided for in LBR 2004-1(d) and LBR 9013-1(p)(3), based upon this Notice and Motion and in the form set forth in the Notice of Lodgment, filed herewith; based upon the supporting Memorandum/Evidentiary Declaration and Request for Judicial Notice, filed herewith; and based on the records on file in this action.

Respectfully Submitted,

LAW OFFICE OF GERARD L. FRIEND

Dated: November 30, 2017

/s/ Gerard L. Friend
GERARD L. FRIEND, as limited scope counsel for Movant PETER RUDINSKAS

Dated: November 30, 2017

Movant and Creditor PETER RUDINSKAS

*In re: Claire LEVINE*                                                                 *Bankr. Cal. C.D. No. LA-12-22639-ER*
MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC

# EXHIBIT A

**EXHIBIT A**

AREAS OF EXAMINATION

Trinity Financial Services, LLC shall produce one or more examinees familiar with the following matters of examination, based on information known or reasonably available to the organization:

1. All *in personam* and *in rem* claims of Trinity Financial Services, LLC against Claire Levine, the Bankruptcy Estate of Claire Levine (Bankr. Cal. C.D. LA-12-22639, through standing trustee Howard Ehrenberg), Gerald Goldstein, the life estate of Claire Levine and Gerald Goldstein, The Amadeus Trust, Even St. Productions Ltd., the Bankruptcy Estate of Even St. Productions Ltd. (Bankr. Cal. C.D. LA-13-24363), and any related persons and entities;

2. The entire life-of-loan file related to the alleged mortgage originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010[5] as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, reflecting all statements, correspondence, payments, interest, fees, charges, escrow credits/debits, servicing, and other related documentation from the origination of the loan to the present;

3. All matters and documents related to the alleged mortgage loan and note indicated as originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including all addenda, endorsements, allonges, and related papers thereto;

4. All matters and documents related to the alleged series of mortgage security instruments, assignments, and Land Court orders relating to the instrument T3548106 in the Hawaii Land Court first recorded on or about January 25, 2007, indicated as originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including, but not limited to:

   a. The alleged security instrument recorded as instrument T3548106 in the Hawaii Land Court on or about January 25, 2007, indicated as originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including all related matters/documents thereto;

   b. The alleged means by which PNC Bank, N.A. became successor-in-interest to National City Bank, N.A., including Hawaii Land Court Case Nos. 09-1064 and 10-0053, Hawaii Land Court Order 181480 recorded on or about January 11, 2010, the Application to the Office of the Comptroller of the Currency described by Control No. 2009-NE-02-0017 in letter certification dated November 6, 2009, and related matters/documents thereto;

   c. The alleged security assignment recorded as instrument T8536314 in the Hawaii Land Court on or about May 16, 2013, indicated as between PNC Bank, N.A. and Wilmington Trust, N.A. as trustee for the Greenwich Investors XL Pass-Through Trust, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including all related matters/documents thereto;

   d. The instrument recorded as T9698084 in the Hawaii Land Court on or about July 21, 2016 designating WMD Asset Management, LLC as alleged attorney-in-fact for Wilmington Trust, N.A. as trustee for the Greenwich Investors XL Pass-Through Trust, including all related matters/documents thereto;

---

[5] The account number is partially redacted, herein, per FRBP 9037(a)(4).  The full account number will be provided, as appropriate, by separate letter or upon request.

e.  The alleged security assignment recorded as instrument T9698085 in the Hawaii Land Court on or about July 21, 2016, indicated as between Wilmington Trust, N.A. as trustee for the Greenwich Investors XL Pass-Through Trust, by and through its attorney-in-fact WMD Asset Management, LLC, and Stellis, LLC, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including all related matters/documents thereto;

f.  The alleged security assignment recorded as instrument T9698086 in the Hawaii Land Court on or about July 21, 2016, indicated as between Stellis, LLC and Trinity Financial Services LLC as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including all related matters/documents thereto;

g.  The recorded Notice of Pendency of Action indicated as recorded by Trinity Financial Services, LLC or about January 18, 2017 as Hawaii Land Court instrument No. T9879361, related to the to the action indicated as filed in the 2nd Circuit Court for the State of Hawaii on or about December 20, 2016, styled *Trinity Financial Services, LLC v. Gerald Goldstein, Claire Levine, et al.* (Case No. 16-1-0620), including all related matters/documents thereto;

h.  The recorded Notice of Dismissal without Prejudice re: Plaintiff's Complaint to Foreclose Mortgage Dated December 20, 2016 and Release of Notice of Pendency of Action Filed August 30, 2017, recorded on or about September 6, 2017 as Hawaii Land Court instrument No. T10110247, related to the to the action indicated as filed in the 2nd Circuit Court for the State of Hawaii on or about December 20, 2016, styled *Trinity Financial Services, LLC v. Gerald Goldstein, Claire Levine, et al.* (Case No. 16-1-0620), including all related matters/documents thereto;

5.  All matters and documents related to the foreclosure action filed by Trinity Financial Services, LLC in the 2nd Circuit Court for the State of Hawaii on or about December 20, 2016, styled *Trinity Financial Services, LLC v. Gerald Goldstein, Claire Levine, et al.* and docketed as No. 16-1-0620 (or 2CC-16-1000620), relating to the alleged mortgage note and security instrument recorded as instrument T3548106 in the Hawaii Land Court on or about January 25, 2007, indicated as originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including:

a.  All claims, positions, pleadings, motions, notices, recordations, evidence, objectives, and all related matters/documents thereto;

b.  All facts and evidence in support the legal positions of Trinity Financial Services, LLC, irrespective of whether such evidence was presented in Court; and

c.  All correspondence sent by or received by Trinity Financial Services, LLC, including its attorneys, employees, managers, members, agents, subsidiaries, predecessors, successors, assigns, or associated parties, referencing or relating in any way to the action *Trinity Financial Services, LLC v. Gerald Goldstein, Claire Levine, et al.;*

6.  All matters and documents related to the claim and motion papers filed by Trinity Financial Services, LLC in the U.S. Bankruptcy Court for the Central District of California, in the bankruptcy *In re: Even St. Productions, Ltd.* and docketed as (No. 2:13-bk-24363) relating to the alleged mortgage note and security instrument recorded as instrument T3548106 in the Hawaii Land Court on or about January 25, 2007, indicated as originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including, but not limited to:

a.  The proof of claim filed by Trinity Financial Services, LLC on or about April 24, 2017, docketed in the *Even St.* case as Claim No. 17;

MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC
EXHIBIT A

b.  The relief motion filed by Trinity Financial Services, LLC on or about May 9, 2017, docketed in the *Even St.* case as ECF No. 757;

c.  The stipulation filed by Trinity Financial Services, LLC on or about May 22, 2017, docketed in the *Even St.* case as ECF No. 775;

d.  The notice of lodgment by Trinity Financial Services, LLC on or about May 22, 2017, docketed in the *Even St.* case as ECF No. 776;

e.  The *Even St.* bankruptcy order granting the stipulation denying relief from stay or about May 22, 2017 and docketed in the *Even St.* case as ECF No. 777;

f.  The withdrawal of claim filed by Trinity Financial Services, LLC on or about June 30, 2017 and docketed in the *Even St.* case as ECF No. 814;

g.  All claims, positions, pleadings, motions, notices, evidence, objectives, and all related matters/documents thereto; and

h.  All facts and evidence in support the legal positions of Trinity Financial Services, LLC, irrespective of whether such evidence was presented in Court; and

i.  All correspondence referencing or relating in any way to Even St. Productions, Ltd., Majoken, Inc., or the bankruptcy *In re: Even St. Productions, Ltd.* (Bankr. Cal. C.D. LA-13-24363) sent by or received by Trinity Financial Services, LLC, or its predecessors-in-interest, including its attorneys, employees, staff, officers, managers, members, agents, subsidiaries, predecessors, successors, assigns, or associated parties, including, but not limited, to relevant correspondence with David Neale, Krikor Meshefejian, Maryann Marzano, Gerald Goldstein, Elva Hackney, among others;

7.  All matters and documents related to the forgiveness and cancellation of debt entered on or about June 29, 2010 by PNC Bank, N.A. related to the loan instrument originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including, but not limited to:

a.  The correspondence sent by PNC Bank, N.A. reflecting forgiveness or cancelation;

b.  The tax information return reflecting the June 29, 2010 cancellation-of-debt, including, but not limited to a 2010 tax year Form 1099-C;

c.  All internal documents referencing or reflecting the cancellation, including the relevant account-specific and aggregate ledgers maintained by PNC Bank, N.A.

d.  All external loan loss correspondence, claims, and payment instruments reflecting remuneration relating to the cancellation;

e.  All external documentary correspondence referencing or reflecting the cancellation, transmitted to show regulatory, consent decree, or related compliance;

8.  All matters and documents related to the negotiation, evaluation, and implementation related to the $50,000 settlement offer and acceptance of October 6, 2015, and all other offers, for resolution or satisfaction of the alleged encumbrance of Trinity Financial Services, LLC, and/or its predecessors-in-interest, as to the to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including:

a.  Procedural mechanisms for the consideration of offers for settlement or resolution:

i.  The existence or non-existence of standing authority authorizing persons to consider or approve settlement offers, whether by policy, procedural mechanisms, trained/accepted practice, or informal/*ad hoc* practice;

ii.  The procedural means by which decisional authority is delegated relating to consideration or approval of settlement offers;

iii.  Identity of individuals to whom authority is delegated;

iv.  Limitations on the scope of standing authority or delegation;

   v.  Role of investors or owners in providing advice, recommendation, or approval of offers relating to settlement or resolution offers; the mechanisms by which investors/owners are engaged for their involvement;

b.  All outside correspondence transmitted/received relating to the negotiation, presentation of offers, acceptance, and follow-on matters related to the $50,000 settlement offer and acceptance, including, but not limited to:

   i.  Settlement correspondence transmitted to predecessors-in-interest on file;
   ii.  Chain of settlement correspondence undertaken in or about June 2015;
   iii.  The proposed HUD1 settlement statement and offer transmitted by Steven Guttman on or about June 19, 2015, 1:34p;
   iv.  The counter-offer of Analy Delgado transmitted on June 23, 2015, 1:46p;
   v.  The message of Steven Guttman transmitted on June 23, 2015, 4:55p;
   vi.  The counter-offer transmitted by Steven Guttman, thereafter;
   vii.  The counter-offer transmitted by David Vo on September 25, 2015, 8:47a:
       "We received your new short sale offer of $35,000.00.
       I spoke to management and they declined the offer.
       Management has approved a short sale in the amount of $50,000.00."
   viii.  The acceptance of the Sep. 25, 2017 counter-offer of Mr. Vo transmitted by Steven Guttman on or about October 6, 2015, 9:22a:
       "Mr. Vo: the counteroffer of $50,000 is accepted provided Trinity is legally able to provide a release of the 2nd mortgage."

c.  All outside correspondence transmitted/received as to other offers for settlement or resolution, relating to the negotiation, presentation of offers, and acceptance;

d.  All inside correspondence, communications, and other records related to all proposals for settlement of the alleged encumbrance, including, but not limited to:

   i.  Presentation, transmittal, or forwarding of the offers for settlement to other staff, supervisors, management, experts, attorneys, or investors, irrespective of whether those persons are employees or non-employee persons;
   ii.  The review, analysis, and deliberation relating to all settlement offers, irrespective of whether to, from, or between employees, staff, supervisors, officers, managers, members, agents, experts, attorneys, investors, subsidiaries, predecessors, successors, assigns, or associated parties;
   iii.  Actuarial facts and methodologies utilized with internal analyses, including appraisals, market analyses, and figures regarding the current and intended amounts due on each of the liens;
   iv.  Due diligence associated with the varied offers for settlement/resolution;
   v.  All draft or proposed responses to the offers for settlement/resolution, irrespective of whether they were transmitted;

e.  All matters, documents, records, analyses, internal and external correspondence, and other topics related to the implementation of the September 25, 2015 offer and October 6, 2015 acceptance for the resolution or satisfaction of the alleged encumbrance, or any other accepted offers, including, but not limited to:

   i.  Correspondence, analysis, and direction related to the acceptance-of-offer given to employees, staff, officers, managers, members, investors, attorneys, agents, subsidiaries, predecessors, successors, assigns, or associated parties, irrespective of whether those persons are employees or non-employees;
   ii.  All actions taken in the furtherance of the acceptance-of-offer;
   iii.  All reasons delaying or excusing performance under the acceptance-of-offer;
   iv.  All actions taken with regard to any proposed HUD-1 closing statement;

*In re: Claire LEVINE*                                   - 4 -                    *Bankr. Cal. C.D. No. LA-12-22639-ER*
MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC
EXHIBIT A

       v. Correspondence, analysis, and direction related to the escrow, including that opened by Jeremy Trueblood and/or Title Guaranty of Hawaii, Inc.; and/or that identified by Hawaii Reference Nos.TG:201411573 / TGE:21014041123;

   f. The unprivileged strategy, objectives, and aims of Trinity Financial Services, LLC, and/or its decisional components, with respect to its alleged interest in the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including all related matters/documents thereto;

9. All matters, communications, and documents relating to the origination, recordation, and assignment of the alleged encumbrance of Trinity Financial Services, LLC, and/or its predecessors-in-interest, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including, but not limited to:

   a. The alleged origination of the loan instrument by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 and recorded as instrument T3548106 in the Hawaii Land Court on or about January 25, 2007, including all related matters/documents thereto, but not limited to:

       i. The full loan origination file, including the application, evaluation, and underwriting, and HUD-1 settlement statement;

      ii. The full escrow and closing file, including the closing statement and evidence of tender of proceeds, including the file of Rosalinda W.C. Inamasu and/or Title Guaranty of Hawaii, Inc.; and/or that identified by Hawaii Reference Nos. TG:200630010 / TGE:A22940637B1011;

     iii. All originals and copies of the instrument recorded as instrument T3548106 in the Hawaii Land Court on or about January 25, 2007, indicated as originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010, including all related matters/documents thereto;

   b. All asset purchase agreements and evidence of remunerative consideration related to the alleged assignment or transfer of the mortgage and/or note originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including related matters/documents thereto from the origination of the loan to the present;

   c. The alleged assignment, transfer, or purchase by PNC Bank, N.A. of the loan instrument originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010; including matters/documents thereto, but not limited to:

       i. All matters related to the claim of successorship of PNC, N.A. to the assets of National City Bank, N.A.;

      ii. The alleged Purchase and Assumption agreement between National City Bank, N.A. and PNC Bank, N.A., or their related entities/bank holding companies, including the referenced agreement(s), annexes, and appendices, and all agreed conditions and covenants, that would affect the administration of the loan instrument originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010;

     iii. The filings and representations made by PNC, N.A. in Hawaii Land Court Case Nos. 09-1064 and 10-0053, and the resulting orders therefrom, including Hawaii Land Court Order 181480 recorded on or about January 11, 2010, affecting the administration of the loan instrument originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010

     iv. The records alleging or evidencing the transfer of Account No. XXX0010 and/or Hawaii Land Court instrument T3548106 from National City Bank,

---

*In re: Claire LEVINE*               - 5 -             *Bankr. Cal. C.D. No. LA-12-22639-ER*

MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC

EXHIBIT A

N.A. to PNC Bank, N.A., including but not limited to, external correspondence, internal correspondence, loan asset records, transfer records, among others;

d. The alleged assignment, transfer, or purchase recorded as instrument T8536314 in the Hawaii Land Court on or about May 16, 2013, evidencing the assignment of Hawaii Land Court instrument T3548106 from PNC Bank, N.A. to Wilmington Trust, N.A. as trustee for the Greenwich Investors XL Pass-Through Trust; including all matters, communications, and documents related to the drafting, execution, transmittal, and recordation of instrument T8536314, but not limited to:

i. All contractual agreements, and the portions of the relevant asset schedules, evidencing the claim of Wilmington Trust, N.A. as trustee for the Greenwich Investors XL Pass-Through Trust represented by the assignment T8536314;

ii. The evidence of consideration referenced in title instrument T8536314 and/or in the contractual agreement giving rise to assignment T8536314;

iii. The first two business records of Wilmington Trust, N.A., as trustee for the Greenwich Investors XL Pass-Through Trust, evidencing the placement of the loan referenced in title instrument T8536314 on its balance sheet; and the immediate preceding record indicating the absence of the loan on its ledger;

iv. The last two business records of Wilmington Trust, N.A., as trustee for the Greenwich Investors XL Pass-Through Trust, evidencing the placement of the loan referenced in title instrument T8536314 on its balance sheet; and the next immediate record indicating the absence of the loan on its ledger;

v. All duplicate originals, duplicate copies, unexecuted copies, or drafts of the instrument ultimately recorded as T8536314;

vi. All evidence as to the custodian(s) of the original instrument T8536314 between the indicated date of notarization on March 22, 2012 and the date of recordation on May 16, 2013; and the identify/contact information for the custodians;

vii. All drafts, versions, and copies of Exhibit A, irrespective of whether such versions or copies were ultimately recorded with instrument T8536314;

viii. All evidence that Exhibit A existed, or existed in its recorded form, at the time that the instrument was indicated as signed and notarized;

ix. All evidence that the printed text "3800 Wailea Alanui Dr #B101,Kihei HI 96753" appeared or did not appear on the document at the time that it was signed/notarized;

x. All information as to the handwritten text "3548106" and "Cert #842,781":
   1. Identity/contact information of the person whose writing appears;
   2. Date and time that the writing was placed on the instrument;
   3. The circumstances in which the writing took place;

xi. All evidence that the handwritten text "3548106" and "Cert #842,781" was or was not affixed to the instrument at the time that the instrument was indicated as signed and/or notarized;

xii. All information as to whose initials appear after "See Attached Exhibit 'A'" and "SEE ATTACHED LEGAL* " and his/her contact information;

xiii. Information as to the identity of the person who applied the stamped text "See Attached Exhibit" to the instrument, the date/time/circumstances that the stamp was applied, and his/her contact information;

xiv. All evidence that the stamped text "See Attached Exhibit" was affixed to the instrument at the time that the instrument was indicated as signed and/or notarized;

xv. Information as to the content represented by the asterisk in "SEE ATTACHED LEGAL*" and copies of the attached/asterisked item;

xvi. All evidence that the attached/asterisked item was attached or was not attached at the time that the document was signed and/or notarized;

xvii. Information as to the content represented by the asterisk in "SEE ATTACHED LEGAL*" and copies of the attached/asterisked attachment;

xviii. All information as to the handwritten hash marks appearing in 8 places on the first page of the recorded instrument, including the identity of the person who applied the marks, the date/time/circumstances they were applied, and what, if anything, the marks represent;

xix. The nature of the relationship between the indicated assignee and the "Richard Monroe Group", including any power-of-attorney or contracts that would affect the scope of agency;

xx. Information relating to the date/time/circumstances that the sticker identifying "Richard Monroe Group" was affixed to the instrument

xxi. All evidence that the sticker identifying "Richard Monroe Group" was affixed to the instrument at the time that the instrument was indicated as signed and notarized;

xxii. All evidence of the text appearing beneath the sticker identifying the "Richard Monroe Group"

xxiii. All evidence that Tara Ingram has the authority to act for the assignor;

xxiv. All contact information for Tara Ingram;

xxv. The nature of the relationship between the witnesses Melinda Jordan and Joseph A. Williams and the assignor or Tara Ingram;

xxvi. All evidence as to the date and time that the printed signature blocks of Melinda Jordan and Joseph A. Williams were generated on paper;

xxvii. All evidence as to the date and time that the signatures of Melinda Jordan and Joseph A. Williams were affixed;

xxviii. All contact information for Melinda Jordan and Joseph A. Williams;

xxix. All evidence of notarization by Billie J. Catlin, including notarial journal copies, evidence of tender of notarization fees, or scheduling records;

e. All matters, communications, and documents related to instrument T8536314 recorded in the Hawaii Land Court on or about July 21, 2016, evidencing the appointment of WMD Asset Management, LLC as attorney-in-fact for Wilmington Trust, N.A. as trustee for the Greenwich Investors XL Pass-Through Trust on or about January 2, 2015, including but not limited to:

i. All evidence of signer Adam B. Scozzafava's authority to act on behalf of Wilmington Trust, N.A., as trustee for the Greenwich Investors XL Pass-Through Trust, and the dates in which he was so authorized;

ii. Any agreement or contract that sets forth, defines, or limits the relationship between WMD Asset Management, LLC and Wilmington Trust, N.A. as trustee for the Greenwich Investors XL Pass-Through Trust, including the nature of the business relationship between WMD Asset Management, LLC and Wilmington Trust, N.A..

iii. The power of attorney instrument recorded as instrument T8536314:
1. The period in which the power of attorney was operative;
2. The revocation or rescission of the power of attorney;
3. The number of individual mortgage Assets managed by the attorney-in-fact under this power of attorney;

    iv. The drafting, execution, transmittal, and recordation of instrument Hawaii Land Court instrument T8536314;

      1. The date of signing and/or notarization of the recorded instrument T8536314;

      2. Any pre-recordation copy of the instrument ultimately recorded as T8536314;

      3. The number of holographically signed originals of the power of attorney executed and/or notarized on January 2, 2017;

      4. Any notarial journal / receipt / other correspondence evidencing the notarization of T8536314, and any other originals of the same, or substantially similar, text notarized in the same sitting.

    v. All evidence that Wilmington Trust, N.A. was the duly-designated and authorized trustee for Greenwich Investors XL Pass-Through Trust, and the dates in which it acted as trustee:

      1. The Greenwich Investors XL Pass-Through Trust Agreement dated March 1, 2012, and any amendments thereto;

      2. Any amendments to the March 1, 2012 trust agreement;

      3. Any revocation of the Greenwich Investors XL Pass-Through Trust;

      4. The period in which the Greenwich Investors XL Pass-Through Trust was operative;

      5. Evidence that Wilmington Trust, N.A. was duly authorized to serve as trustee for the Greenwich Investors XL Pass-Through Trust;

      6. The period in which Wilmington Trust, N.A. served as trustee for the Greenwich Investors XL Pass-Through Trust;

  f. The alleged assignment, transfer, or purchase recorded as instrument T9698085 in the Hawaii Land Court on or about July 21, 2016, evidencing the assignment of Hawaii Land Court instrument T3548106 to Stellis, LLC by Wilmington Trust, N.A. as trustee for the Greenwich Investors XL Pass-Through Trust, by and through its attorney-in-fact WMD Asset Management, LLC:

    i. All contractual agreements, and the portions of the relevant asset schedules, evidencing the claim of Stellis, LLC represented by assignment T9698085;

    ii. The evidence of consideration referenced in title instrument T9698085 and/or in the contractual agreement giving rise to the assignment;

    iii. The first two business records of Stellis, LLC evidencing the placement of the loan referenced in title instrument T9698085 on its balance sheet; and the immediate preceding record indicating the absence of the loan on its ledger;

    iv. The last two business records of Stellis, LLC evidencing the placement of the loan referenced in title instrument T9698085 on its balance sheet; and the next immediate record indicating the absence of the loan on its ledger;

    v. The drafting of the instrument later recorded in final form as Hawaii Land Court instrument T9698085,and related matters including but not limited to:

      1. All matters, communications, and documents related to the drafting of instruments ultimately recorded in final form as Hawaii Land Court instrument T9698085, including, but not limited to:

      2. All preliminary and unexecuted drafts of the assignment relating to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753; the date / time / manner that they were prepared/transmitted;

      3. Identities and contact information for all persons that were involved in the preparation of unexecuted drafts;

      4. All transmittal correspondence for the unexecuted instruments;

5. Identities and contact information for all persons that transmitted or received copies unexecuted drafts;
6. Circumstances and reasons for any change between varied drafts;

vi. The execution of the instrument later recorded in final form as Hawaii Land Court instrument T9698085,and related matters including but not limited to:

1. All final, but unexecuted, copies of the assignment relating to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753;
2. When the execution and/or notarization of the document took place;
3. Where the execution and/or notarization of the document took place;
4. Identities and contact information for all persons that were present for the execution and/or notarization;
5. The number of originals that were executed in the same sitting;
6. The location of any additional originals signed and/or notarized in the same sitting, at or about the same time, as the instrument later recorded as instrument T9698085 and relating to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753
7. Identities and contact information for all persons/entities in possession of an additional original/copy signed and/or notarized in the same sitting, at or about the same time, as the instrument later recorded as T9698085 and relating to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753;
8. All copies of the original assignment, later recorded as instrument T9698085, made after signing but prior to transmittal for recordation;
9. The number and location of any other copies of the assignment relating to 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, generated at or about the time that recorded assignment was signed;
10. All transmittal correspondence for the original or duplicate executed instruments;
11. Identities and contact information for all persons placing marks on the executed and recorded originals/copies, inclusive of all marks printed, typewritten, stamped, or handwritten, including information as to the time/place/manner that such marks were placed;
12. All information as to the handwritten text indicated under "Return By Mail To:":
    a. Identity/contact information of the person(s) whose writing appears;
    b. Identity/contact information of the initials or printed letters "KM", and their significance;
    c. Date and time that the writing was placed on the instrument;
    d. The circumstances in which the writing took place;
13. All evidence that Dennis E. Carlton is an authorized singer of WMD Asset Management, LLC, and is authorized to act on behalf of Wilmington Trust, N.A., as trustee for the Greenwich Investors XL Pass-Through Trust
14. All evidence of notarization by Gail Karson, including notarial journal copies, evidence of tender of notarization fees, or scheduling records;
15. The nature and extent of the relationship between Dennis E. Carlton and Gail Karson, and facts known, or imputed to,Dennis E. Carlton that would evidence Gail Karson's personal knowledge of Dennis Carlton;

          a.  An approximation as to how many other documents were executed in the same sitting as instrument T9698085 by Dennis E. Carlton;

          b.  An estimation as to how many other documents were notarized in the same sitting as instrument T9698085 by Gail Karson, if reasonably known to Dennis Carlton;

    vii.  The transmittal and recording of the instrument later recorded in final form as Hawaii Land Court instrument T9698085;

       1.  The transmittal correspondence related to or accompanying an original/copy after execution of the instrument, and the date and method of transmittal;

       2.  Identities and contact information for all persons/entities who retained an original/copy upon execution;

       3.  Identities and contact information for all persons/entities involved in the transmittal of an executed original/copy into the possession of any other party;

       4.  Identities and contact information for all persons/entities who were delivered an original/copy after execution of the instrument;

       5.  Identities and contact information for the custodian(s) of the original recordation instrument, between the indicated date of notarization on November 12, 2015 and the date of recordation on July 21, 2016;

       6.  Manner and circumstances by which the original recordation instrument was maintained, between indicated date of notarization on November 12, 2015 and the date of recordation on July 21, 2016;

       7.  Identifies and contact information for all persons/entities who were involved in the transmittal of the executed instrument to the Hawaii Land Court / Hawaii Bureau of Conveyances;

       8.  The date and method by which the original instrument was delivered to the Hawaii Land Court / Hawaii Bureau of Conveyances, and any mailing/shipping receipts or courier records;

       9.  All correspondence sent to/received from the Hawaii Land Court or Hawaii Bureau of Conveyances related to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including any rejection/denial notices, or requests for additional information;

       10.  Any Hawaii Land Court proceedings in reformation or novation;

       11.  The date and method by which the original instrument was delivered to any title professional, or to any escrow/closing agent;

  g.  The alleged assignment, transfer, or purchase recorded as instrument T9698086 in the Hawaii Land Court on or about July 21, 2016, evidencing the assignment of Hawaii Land Court instrument T3548106 to Trinity Financial Services, LLC by Stellis, LLC:

    i.  All contractual agreements, and the portions of the relevant asset schedules, evidencing the claim of Trinity Financial Services, LLC represented by the assignment T9698086;

    ii.  The evidence of consideration referenced in title instrument T9698086 and/or in the contractual agreement giving rise to assignment;

    iii.  The first two business records of Trinity Financial Services, LLC evidencing the placement of the loan referenced in title instrument T9698086 on its balance sheet; and the immediate preceding record indicating the absence of the loan on its ledger;

    iv.  The most recent two business records of Trinity Financial Services, LLC evidencing the alleged placement of the loan referenced in title instrument T9698086 on its balance sheet;

    v.  The drafting of the instrument later recorded in final form as Hawaii Land Court instrument T9698086,and related matters including but not limited to:

      1.  All matters, communications, and documents related to the drafting of instruments ultimately recorded in final form as Hawaii Land Court instrument T9698086, including, but not limited to:

      2.  All preliminary and unexecuted drafts of the assignment relating to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753; the date / time / manner that they were prepared/transmitted;

      3.  Identities and contact information for all persons that were involved in the preparation of unexecuted drafts;

      4.  All transmittal correspondence for the unexecuted instruments;

      5.  Identities and contact information for all persons that transmitted or received copies unexecuted drafts;

      6.  Circumstances and reasons for any change between varied drafts;

    vi.  The execution of the instrument later recorded in final form as Hawaii Land Court instrument T9698086,and related matters including but not limited to:

      1.  All final, but unexecuted, copies of the assignment relating to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753;

      2.  When the execution and/or notarization of the document took place;

      3.  Where the execution and/or notarization of the document took place;

      4.  Identities and contact information for all persons that were present for the execution and/or notarization;

      5.  The number of originals that were executed in the same sitting;

      6.  The location of any additional originals signed and/or notarized in the same sitting, at or about the same time, as the instrument later recorded as instrument T9698086 and relating to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753

      7.  Identities and contact information for all persons/entities in possession of an additional original/copy signed and/or notarized in the same sitting, at or about the same time, as the instrument later recorded as T9698086 and relating to the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753;

      8.  All copies of the original assignment, later recorded as instrument T9698086, made after signing but prior to transmittal for recordation;

      9.  The number and location of any other copies of the assignment relating to 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, generated at or about the time that recorded assignment was signed;

      10. All transmittal correspondence for the original or duplicate executed instruments;

      11. Identities and contact information for all persons placing marks on the executed and recorded originals/copies, inclusive of all marks printed, typewritten, stamped, or handwritten, including information as to the time/place/manner that such marks were placed, including but not limited to;

        a.  Identity/contact information of the initials or printed letters "KM", and their significance;

b.  The meaning and significance of "REFERENCE #:DBI-297963" and "GOLDSTEIN" appearing beneath "Corporate Assignment of Mortgage";

12. All evidence that Tara Newton is an authorized singer of Stellis, LLC, and is authorized to act on its behalf;

13. All evidence of notarization by Suzette Hammock, including notarial journal copies, evidence of tender of notarization fees, or scheduling records;

14. Information as to whether the notarization by Suzette Hammock occurred based on personal knowledge or satisfactory evidence of the identity of Tara Newton;

15. All facts known, or imputed to, Trinity Financial Services, LLC or Tara Newton that would evidence Suzette Hammock's personal knowledge of Tara Newton;

16. The nature and extent of the relationship between Tara Newton and Suzette Hammock, and facts known, or imputed to, Trinity Financial Services, LLC or Tara Newton that would evidence Suzette Hammock's personal knowledge, if any, of Tara Newton;

a.  An approximation as to how many other documents were executed in the same sitting as instrument T9698085 by Tara Newton;

b.  An estimation as to how many other documents were notarized in the same sitting as instrument T9698085 by Suzette Hammock, if reasonably known to Tara Newton;

vii.  The transmittal and recording of the instrument later recorded in final form as Hawaii Land Court instrument T9698086;

1.  The transmittal correspondence related to or accompanying an original/copy after execution of the instrument, and the date and method of transmittal;

2.  Identities and contact information for all persons/entities who retained an original/copy upon execution;

3.  Identities and contact information for all persons/entities involved in the transmittal of an executed original/copy into the possession of any other party;

4.  Identities and contact information for all persons/entities who were delivered an original/copy after execution of the instrument;

5.  Identities and contact information for the custodian(s) of the original recordation instrument, between the indicated date of notarization on November 24, 2015 and the date of recordation on July 21, 2016;

6.  Manner and circumstances by which the original recordation instrument was maintained, between indicated date of notarization on November 24, 2015 and the date of recordation on July 21, 2016;

7.  Identifies and contact information for all persons/entities who were involved in the transmittal of the executed instrument to the Hawaii Land Court / Hawaii Bureau of Conveyances;

8.  The date and method by which the original instrument was delivered to the Hawaii Land Court / Hawaii Bureau of Conveyances, and any mailing/shipping receipts or courier records;

9.  All correspondence sent to/received from the Hawaii Land Court or Hawaii Bureau of Conveyances related to the property at 3800 Wailea

Alanui Dr. #B101, Kihei, HI 96753, including any rejection/denial notices, or requests for additional information;

10. Any Hawaii Land Court proceedings in reformation or novation;

11. The date and method by which the original instrument was delivered to any title professional, or to any escrow/closing agent;

viii. The nature of the relationship between the indicated assignee and the "Richard Monroe Group", including any power-of-attorney or contracts that would affect the scope of agency;

h. Any recorded assignments taking place after July 21, 2016, or known unrecorded assignments or transfers of legal or equitable interest, related to Hawaii Land Court instrument T3548106 and 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753;

i. All due diligence, investigation, and independent evaluation taken to verify and ascertain the provenance of the mortgage title and/or assignments arising from Hawaii Land Court instrument T3548106 and related 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including, but not limited to:

   i. All representations, warranty, guaranty, and indemnity agreements or clauses related to assignor predecessors-in-interest to Hawaii Land Court instrument T9698086;

   ii. All disclosures or disclaimers related to assignor predecessors-in-interest to Hawaii Land Court instrument T9698086 deeming the transferred title to be "as-is" or without representation or warranty as to the provenance of the transferred instrument;

   iii. All due diligence and independent evaluation taken to verify and ascertain the accuracy of work performed by outside arms-length entities of assignor predecessors-in-interest to Hawaii Land Court instrument T9698086, including, but not limited to, WMD Asset Management, LLC or the Richard Monroe Group, Inc.

   iv. All analysis and review of any extended period in which a party held an unrecorded equitable interest, while another party held naked legal title;

10. All matters and documents related to the servicing of the alleged encumbrance of Trinity Financial Services, LLC, and/or its predecessors-in-interest, as to the to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including a discussion as to all beliefs and positions as to the impact of contractual, legal, regulatory, and oversight actions; and actions taken in or out of compliance thereto, including but not limited to:

a. All matters, correspondence, and documents sent by or received by Trinity Financial Services, LLC related to all alleged predecessors-in-interest, Stellis, LLC; WMD Asset Management, LLC; Wilmington Trust, N.A.; Greenwich Investors XL Pass-Through Trust; PNC Bank, N.A., including its employees, managers, members, agents, subsidiaries, predecessors, successors, assigns, or associated parties, referencing or relating in any way to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including, but not limited to, including all related matters/documents thereto;

b. All pooling, securitization, servicing, and management agreements relating to the alleged mortgage and/or note originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including but not limited to those with National City Bank, N.A., PNC Bank, N.A., Wilmington Trust, N.A., Greenwich Investors XL Pass-Through Trust; WMD Asset Management, LLC; Land Home Financial Services, Inc.; Stellis, LLC; Trinity Financial Services, LLC; and other related matters/documents from the origination of the loan to the present;

c.  All agreements, and evidence of remunerative consideration, related to the purchase, transfer or assignment of the servicing rights to the mortgage and/or note originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including related matters/documents thereto from the origination of the loan to the present;

d.  All periodic and special-event financial disclosures and/or property status reports transmitted to managers, owners, investors, and related parties of the assignee and/or servicer; to the Securities and Exchange Commission; to the Office of the Comptroller of the Currency; to the Consumer Financial Protection Bureau; to the U.S. Attorney General; to the California Attorney General; to the Hawaii Attorney General; and to their special masters and independent reviewing authorities in relation to the alleged mortgage and/or note originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 related to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, and other related documentation from the origination of the loan to the present;

e.  The due diligence efforts of Trinity Financial Services, LLC and/or its predecessors-in-interest, to ascertain the provenance of the alleged mortgage and/or note originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including all efforts to ascertain account and payment history, to review account-related correspondence, and other related related matters from the origination of the loan to the present;

f.  The due diligence and compliance efforts of Trinity Financial Services, LLC and/or its predecessors-in-interest, with respect to the alleged mortgage and/or note originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, demonstrating compliance or noncompliance with all contractual, legal, regulatory, and administrative oversight, covenants, consent decrees, orders, settlements, judgments, statutes, regulations, and other performance conditions relating to mortgage loan origination and servicing, including, but not limited to, those arising under:

   i.  All legislative provisions and regulatory orders related to the Troubled Asset Relief Program (TARP) in the Emergency Economic Stabilization Act of 2008 (Division A of P.L. 110–343, 122 Stat. 3765, enacted October 3, 2008);

   ii.  Office of the Comptroller of the Currency Regulatory Action No. AA-EC-11-17 and Consent Order (No. 2011-045), as amended (No. 2013-124), and the approved Comprehensive Plan of Action;

   iii.  Federal Reserve Board of Governors Regulatory Action and Consent Order No. 11-026-B-HC and the approved Action Plan;

   iv.  Hawaii Mortgage Foreclosure Dispute Resolution (MFDR) Program; Haw. Act 48 (2011 Stats.) (HRS 667-60); Haw. Act 182 (2012 Stats.) (HRS 667-73)

   v.  All regulatory conditions imposed under 12 USC §1818 in connection with any action on application, notice, or request, including, but not limited to:

      1.  All conditions and covenants made to the Office of the Comptroller of the Currency, and those imposed in writing by the OCC, in connection with the October 27, 2009 Application under 11 USC §1828(c) to merge National City Bank with and into PNC Bank, N.A. (Control Number 2009 NE 02 0017), and the Conditional Approval No. 928 (November 2009);

2. All conditions and covenants made to the Federal Reserve, and those imposed in writing by the Federal Reserve, as part of the application and December 15, 2008 Order approving the merger of the PNC Financial Services Group, Inc. and National City Corp. bank holding companies;

3. All conditions and covenants made to the Office of the Comptroller of the Currency, and those imposed in writing by the OCC, in connection with the Application to merge RBC Bank (USA) with and into PNC Bank, N.A. (Control No: 2011-NE-02-0021), Corporate Decision No. 2012-05 (April 2012)

4. All conditions and covenants made to the Federal Reserve, and those imposed in writing by the Federal Reserve, as part of the application and December 23, 2011 order approving the merger of RBC Bank (USA) with and into PNC Financial Services Group, Inc. bank holding company;

5. Any other regulatory/oversight actions by the Office of the Comptroller of the Currency, Federal Reserve Board of Governors, Securities and Exchange Commission, Consumer Financial Protection Bureau, Federal Deposit Insurance Corporation, U.S. Attorney General, California State Attorney General, Hawaii State Attorney General, and/or Duly-Empowered Special Master set forth as to PNC Bank, N.A. and/or its successors-in-interest; all actions taken in performance or non-performance thereto; and all related matters/documents thereto;

g. All attempts at providing alternatives to foreclosure, including loan modification or actions within the scope of the Home Affordable Modification Program (HAMP) or Making Homes Affordable (MHA), by Trinity Financial Services, LLC and its predecessors-in-interest, as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753; including all related matters/documents thereto;

h. The independent foreclosure review file as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753; including all related matters/documents thereto;

i. Internal review and evaluation between Trinity Financial Services, LLC and its counsel as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753; Claire Levine, Gerald Goldstein; the Levine bankruptcy; including all related matters/documents thereto;

j. Any and all payments made by a third-party or governmental guarantor, and/or amounts written-down, forgiven, or canceled relating to the loan instrument originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010, including those made under the terms of a FDIC loss share agreement, as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including all related matters/documents thereto;

k. All matters, correspondence, and documents related to claims, demands, or payments in restitution, litigation, arbitration, or settlement related to persons or entities involved in the commission of a financial crime related to acts of another financial entity, or its agents/employees, as to the origination of any mortgage as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, irrespective of whether the current successors-in-interest were party to such acts; and all actions taken to seek/review prior privileged or confidential documents as part of the due diligence process;

11. All matters and documents related to the business records and business representations relating to the loan instrument originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including but not limited to:

a. The processes, procedures, and systems utilized to generate and retain account records, statements, records of telephonic calls, records of in-person calls, records of electronic mail messages, facsimile messages, paper records, electronic records, external correspondence, internal correspondence, and the like, in relation to the loan instrument originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, and in relation to Trinity Financial Services, LLC for the period from 2007 to present;

b. The recordkeeping, data, and information systems used by Trinity Financial Services, LLC, generally, for 2007 to present, including all related matters;

c. The electronic and document retention policies and procedures of Trinity Financial Services, LLC and/or its predecessors-in-interest, for the period from 2007 to present;

d. All records that evidence the corporate existence of Trinity Financial Services, LLC, its authorization to conduct business in the State of California and State of Wyoming, its compliance with the tax laws of the State of California and State of Wyoming, its adherence with business formalities, election of officers, delegation of operating authority, allocation of responsibilities, setting of policy, and the like;

e. The articles of organization, statements of information, bylaws, operating agreements, meeting minutes, operating resolutions, organizational structure, governance, and operation of Trinity Financial Services, LLC as to the period from 2007 to present, including all related matters thereto, and

f. The relevant books and records, financial statements, inventory of loan collateral, and tax/information returns of Trinity Financial Services, LLC as to the period from 2007 to present, including all related matters thereto;

g. The name, contact information, and documentation relating to all attorneys-in-fact, managers, members, officers, or other duly authorized persons or entities authorized to act in the name of Trinity Financial Services, as to the period from 2007 to present, and all related matters thereto;

h. All documents specifying or limiting the scope of authority or agency of employees or staff or Trinity Financial Services, LLC, as to the period from 2007 to present, and all related matters thereto;

i. The operating manuals, employee manuals, policies, procedures, and memoranda of Trinity Financial Services, LLC and/or its predecessors-in-interest, for the period from 2007 to present, including all related matters/documents thereto;

j. All matters and communication with managers/members/officers/staff of Trinity Financial Services, LLC, related to real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753.

k. The external correspondence, internal correspondence, records of telephonic calls, records of in-person calls, records of electronic mail messages, facsimile messages, paper records, electronic records, office calendars, and office time/wage records of all business persons that ever became aware of loan instrument originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010 as to the real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including but not limited to David Vo, Don A. Madden, III, among others, for the period from 2007 to present;

l. The identity, role, and contact information for the owner(s), managers, members, officers, employees, contractors, and staff of Trinity Financial Services, LLC for 2010 to present, including all office and home addresses, telephone numbers, mobile telephone numbers, email addresses, fax numbers, and related matters thereto;

12. All matters and documents relative to other interested parties related to or affecting the administration of the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including but not limited to:

a. All intercreditor meetings, correspondence, relationships, offers, agreements, and relationships, including, and related matters but not limited to:

i. All matters, documents, and communication related to the first mortgage, the alleged note and/or encumbrance associated with recorded security instrument T3548105 in the Hawaii Land Court on or about January 25, 2007, indicated as originated by Americorp Funding, G.P. on or about January 19, 2007 as Mortgage Account No. XX-XXXX1656, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753; including but not limited to the following parties, their attorneys, employees, managers, members, agents, subsidiaries, predecessors, successors, assigns, or associated parties:

1. Americorp Funding, G.P., as to the alleged security instrument T3548105, or Mortgage Account No. XX-XXXX1656;

2. Mortgage Electronic Registration Systems, Inc., and the constructive third-parties interested parties represented thereto, as the alleged assignee of security instrument T3548105 by assignment recorded in the Hawaii Land Court as T3693428 on or about December 18, 2007;

3. Capital One, N.A., as the alleged assignee of security instrument T3548105 by assignment recorded in the Hawaii Land Court as T3918358 on or about November 24, 2009;

4. Leu Okuda & Doi, as counsel to Capital One, N.A. in the pending Hawaii Land Court Action No. 11-1-003737 filed on or about Nov. 16, 2011, styled *In: re Matson Navigation* (Haw. Land Ct. No. 1LD11-1-003737);

ii. All matters, documents, and communication related to the third mortgage, the alleged note and/or encumbrance associated with recorded security instrument T3550687 in the Hawaii Land Court on or about January 30, 2007, indicated as originated by Sky Lewis on or about January 22, 2007, as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including but not limited to the following parties, their attorneys, employees, managers, members, agents, subsidiaries, predecessors, successors, assigns, or associated parties:

1. Sky Lewis, his successors or assigns, as to the alleged security instrument T3550687; his spouse Evan Foster; and/or his attorney Guy Haywood;

2. HAR-Bronson, LLC, as the alleged assignee of security instrument T3550687 by assignment recorded in the Hawaii Land Court as T8298062 on or about September 20, 2012; its manager, Harvey Bookstein and/or its member HAR, LLC; its attorney, Martin Burton or The Law Office of Martin N. Burton;

iii. All matters, documents, and communication related to alleged statutory, contractual, or equitable encumbrancers of the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including but not limited to the following parties, their attorneys, employees,

managers, members, agents, subsidiaries, predecessors, successors, assigns, or associated parties:

1. The Association of Apartment Owners of Wailea Beach Villas, as alleged statutory encumbrancer by common property regime, and as recorded in the Hawaii Land Court as T3788061 on or about September 10, 2008, as T3991859 on or about August 23, 2010, or as T4112468 on or about November 17, 2011, its members/board/staff, its attorneys, Anne Manalili or Levinson Arshonsky & Kurtz, LLP; Christian P. Porter, Porter McGuire Kiakona & Chow LLP (or Porter Tom Quitiquit Chee & Watts, LLP; Brooks Tom Porter Quitiquit, LLP; or any successors thereto); David Nakamura or Crockett & Nakamura (or successors thereto); or Ray P. Wimberley

2. The Wailea Community Association, as alleged statutory encumbrancer by common property regime, and as recorded in the Hawaii Land Court as T3904883 on or about October 6, 2009, its members/board/staff, its attorneys, Christian Porter or Porter Tom Quitiquit Chee & Watts, LLP (or its successors thereto);

3. Destination Resorts Hawaii, Inc., as executory counterparty and agent of The Association of Apartment Owners of Wailea Beach Villas;

4. Pacific Western Bank, as a pendent non-estate creditor relative to the interests of Gerald Goldstein, its attorneys, Jonathan Burke or Parker Milliken Clark O'Hara & Samuelian, P.C.; Richard A. Shaffer or Law Offices of Richard A. Shaffer;

5. Sylvester Stewart, as a pendent plaintiff relative to Claire Levine; its attorneys Robert Allan, Brian Tinkham, Edythe Huang, or Allan Law Group; William Forman, Julio Vergara, or Scheper Kim & Harris; or entities thereto relating to those parties;

b. All matters, documents, and communication related to other parties with a role in the administration of the estate and/or its property, including the property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, referencing or relating in any way to Claire Levine; the bankruptcy estate of Claire Levine (Bankr. Cal. C.D. LA-12-22639); Gerald Goldstein; the life estate of Claire Levine and Gerald Goldstein; The Amadeus Trust; Peter Rudinskas; HAR-Bronson Diversified, LLC; HAR, LLC; Harvey Bookstein; Capital One, N.A., with respect to the property at-issue; trustee Howard Ehrenberg, with respect to the property at-issue; U.S. Trustee Peter Anderson, including but not limited to the following parties, their attorneys, employees, managers, members, agents, subsidiaries, predecessors, successors, assigns, or associated parties:

i. Claire Levine, her attorneys, including but not limited to Stella Havkin of Havkin and Shrago, former attorneys including Dennis McGoldrick, Tom Geher, Joseph Eisenberg, or Mira Hashmall;

ii. Region 16 U.S. Trustee Peter C. Anderson, the office, its attorneys and staff, including but not limited to Dare Law, Alvin Mar, Ron Maroko, or Kenneth Lau;

iii. Standing Trustee Howard Ehrenberg, his staff, his attorneys Dan Lev, Asa Hami, or SulmeyerKupetz;

iv. Gerald Goldstein, his staff, his attorneys Jon Cole, Lucy Mekhael, or Nemecek & Cole; Steven Guttman or Kessner Umebayashi Bain & Matsunaga; Joseph Klapach or Klapach & Klapach, PC;

MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC
EXHIBIT A

     v. HAR-Bronson Diversified, LLC; HAR, LLC; Harvey Bookstein, related staff, and attorneys Martin Burton or Law Office of Martin N. Burton;

     vi. All other creditors and interested parties, or any party with a role in estate affairs, management, and administration, including those with current or potential matters before the bankruptcy court;

13. All matters and documents related to the existence/non-existence of insider relationships, including, but not limited to:

  a. All matters, communication, and documents closely related to real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753 with all parties or entities that may possess a legal or equitable interest, whether direct, indirect, or contingent, in the encumbrance of Trinity Financial Services, LLC alleged as to the real property described in title certificate 842,781 as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753 or represented by the Hawaii Land Court assignment T9698086, including, but not limited to, any contractual counterparties; successors-in-interest; managers/members of Trinity Financial Services, LLC; Caneel Capital, LLC; managers/members of Caneel Capital, LLC; investors in the applicable loan, loan portfolio, or loan tranche administered by Trinity Financial Services, LLC (by itself, its agents, its subsidiaries, its parents, its predecessors, its assigns, or any related party), including all related matters/documents thereto;

  b. The nature of the relationship between Trinity Financial Services, LLC and its loan portfolio / loan tranche investors as to the period from 2010 to present, including related matters thereto;

     i. The investment agreement, management agreement, servicing agreement, organizational structure, and role of the investor group asserting an investment interest in alleged encumbrance of 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753 titled in the name of Trinity Financial Services, LLC, and all related matters thereto;

     ii. All correspondence with investors in the applicable investor group for the loan pool / loan tranche administered by Trinity Financial Services, LLC related to real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753;

     iii. The method by which investment decisions are made by representatives of Trinity Financial Services, LLC and/or investors of the tranche administered by Trinity Financial Services, LLC for the loan pool / loan tranche asserting an investment interest in alleged encumbrance of real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including the process of decision or mode/scope of delegation;

     iv. The identity, role, and contact information (name, address, telephone, electronic mail address) for the any investors with decisional or voting authority in the applicable investor group for the loan pool / loan tranche relative to real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including the process of decision or mode/scope of delegation

  c. Relationship between Trinity Financial Services, LLC and its sole member, Caneel Capital, LLC, as to the period from 2010 to present, including all related matters thereto;

     i. The articles of organization, statements of information, bylaws, operating agreements, meeting minutes, organizational structure, governance, and operation of parent entity Caneel Capital, LLC as to the period from 2010 to present, including all related matters thereto;

*In re: Claire LEVINE*       - 19 -       *Bankr. Cal. C.D. No. LA-12-22639-ER*
MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC
EXHIBIT A

ii. The name, contact information, and documentation relating to all attorneys-in-fact, managers, members, officers, or other duly authorized persons or entities authorized to act in the name of Trinity Financial Services, as to the period from 2007 to present, and all related matters thereto;

iii. All direction, communication, and documents received by Trinity Financial Management, LLC, or its managers/members/officers/agents/staff, from Caneel Capital LLC, or its managers/members/officers/agents/staff, that limit the regular operating prerogatives of Trinity Financial Management, LLC as to the period from 2010 to present, including all related matters thereto;

iv. All direction, communication, and documents received by Trinity Financial Management, LLC, or its managers/members/officers/agents/staff, from Caneel Capital LLC, or its managers/members/officers/agents/staff, related to real property described as 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753;

v. The relevant books and records, financial statements, inventory of loan collateral, and operating resolutions of Caneel Capital, LLC as to Trinity Financial Services, LLC for the period from 2010 to present, including all related matters thereto;

vi. The present location of the books and records for Caneel Capital, LLC; the location of all offices Caneel Capital, LLC; the telephone, fax, and e-mail address for Caneel Capital, LLC;

vii. The identity, role, and contact information for the owner(s), managers, members, and officers of Caneel Capital, LLC for 2010 to present, including all office and home addresses, telephone numbers, mobile telephone numbers, email addresses, fax numbers, and related matters thereto;

14. All matters and documents related to the existence/non-existence of fraudulent or unlawful conduct that may affect the administration of the property at 3800 Wailea Alanui Dr. #B101, Kihei, HI 96753, including but not limited to

a. Basic information related to YOUR other civil litigation since 2005, including the basic nature of the case, identifying case information, the date/time/reporting of prior depositions taken, and the general nature of the disposition.

b. Information related the criminal investigation or prosecution of YOU, YOUR managers, YOUR member(s), YOUR officers, YOUR non-arms-length investors, or YOUR agents by local, state, or federal law enforcement, or a regulatory entity since 2000.

###

*In re: Claire LEVINE*                                                                          *Bankr. Cal. C.D. No. LA-12-22639-ER*
MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC

# EXHIBIT B

**EXHIBIT B**

REQUESTS FOR PRODUCTION AND INSPECTION AT EXAMINATION

DEFINITIONS

As used herein, unless specifically indicated otherwise, the following words and terms shall have the meanings respectively indicated in these Requests:

1. The use of the singular includes the plural and the use of the plural includes the singular, so as to be inclusive of any DOCUMENTS which may otherwise be excluded from production.

2. The terms "and" and "or" have both conjunctive and disjunctive meanings, so as to be inclusive of any DOCUMENTS which otherwise may be excluded from production.

3. The term "any" includes "all", so as to be inclusive of any DOCUMENTS which otherwise may be excluded from production.

4. "COMMUNICATION" means any act or incident, whether verbal or written, formal or informal, whether in person, by telephone, mail, facsimile, courier, electronic mail, mechanical or electronic reproduction whereby information was conveyed, transmitted or received.

5. "DOCUMENT" is used herein in its customary and broadest sense consistent with the definition set forth in Fed.R. Civ.P. rule 45(a)(1) and rule 34(a), so as to include writings, recordings, and photographs, as those terms are defined by Rule 1001 of the Federal Rules of Evidence, drawings, graphs, charts, images, other data, data compilations, and all other documents, physical objects, tangible things, and electronically stored information by which human communication is transmitted or stored, irrespective of the medium in which it is produced, reproduced, and stored, regardless of the source or author thereof, inclusive of all originals, copies, reproductions, and facsimiles (other than an identical duplicate of a previously-produced document), including both sides thereof (except if the reverse side is entirely blank), including all drafts (irrespective of whether they were utilized) and distinguishable versions (containing any comment, notation, or metadata not appearing in the original or other copies), and meaning any kind of electronic, handwritten, typewritten, printed, drawn, graphic, photographic, taped, or recorded textual/audio/video material, including, without limitation, any correspondence; electronic mail messages, including attachments; letters; memoranda; reports; records of COMMUNICATIONS, irrespective of the form that such records are taken; notes; lists; transcriptions, notes, or summaries of conversations, telephone calls/messages, or audio/video recordings; screen captures of mobile telephone information; electronic messages, including but not limited to SMS messages, iMessages, instant messages, private messages, chat room messages, Facebook messages, Snapchat messages, and the like; books and records of accounts; audited financial statements; unaudited financial statements; projections; financial ledgers; financial reports and data of any kind; income statements or reconciliation statements; circulars; bulletins; manuals; results of investigations; progress reports; studies; analyses; working papers; contracts; agreements; affidavits; declarations; statements; bills; bank checks; records of cash disbursement journals or cash receipt journals; vouchers; desk

*In re: Claire LEVINE*                                              - 1 -                          *Bankr. Cal. C.D. No. LA-12-22639-ER*
MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC
EXHIBIT B

calendars; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; appointment books; journals; diaries; time sheets or logs; job or transaction files; writing filed for reporting or other purposes with any state, federal, or local agency; extracts and summaries of other documents; and any other writing or recording; and all forms of electronic data, including digitally-generated, digitally-transmitted, or digitally-stored content or metadata involving computers, networked devices, mobile devices (including tablets and telephones), or other business machines.

6. "ELECTRONICALLY STORED INFORMATION" or "ESI" shall include all reasonably available COMMUNICATIONS, DOCUMENTS, and other things stored electronically in any medium from which information can be obtained either directly, or, if necessary, after translation by the responding party into a reasonably usable form, from the files, records, data, and metadata contained in any electronic system, component, storage device (including, but not limited to, cloud storage, network attached storage, hard drive, resident storage, flash drive, flash memory, DVD, CD, computer disc, magnetic tape, backup system).  By example, computers, servers, network services, networked devices, mobile tablets, mobile phones, digital recorders, digital cameras, and related systems may contain ESI.

7. "YOU", "YOUR" mean and refer to TRINITY FINANCIAL SERVICES, LLC, including, without limitation, its members, managers, officers, directors, principals, shareholders, employees, consultants, agents, attorneys, accountants, security personnel, representatives, predecessors-in-interest, successors, heirs, assigns, or other persons/entities acting (or have acted) or who purport to act (or have purported to act) on behalf of TRINITY FINANCIAL SERVICES, LLC, including outside or third-party contractors performing any of the above functions.  If responding as an individual percipient examinee, additionally respond with the above information known to you personally and known to you in your representative capacity, distinguishing such responses from information known or reasonably available to the representative(s) designated on behalf of the entity examinee, TRINITY FINANCIAL SERVICES, LLC.

8. "AGENTS" shall include all members, managers, officers, directors, principals, shareholders, employees, consultants, agents, attorneys, accountants, security personnel, representatives, predecessors-in-interest, successors, heirs, assigns, or other persons/entities acting (or have acted) or who purport to act (or have purported to act) on behalf of the named party, including outside or third-party contractors performing any of the above functions.

9. "COUNSEL" shall mean any attorneys-at-law for the named party, or their agents, irrespective of whether the attorney has entered an appearance in any legal matter, irrespective of whether the attorney(s) are internally employed or externally employed or contracted via an outside law practice.

10. "MOVANT" or "RUDINSKAS" shall mean the individual Peter Rudinskas, the moving party.

11. "LEVINE" shall mean the individual Claire Levine.

12. "BANKRUPTCY" shall mean the bankruptcy action in the U.S. Bankruptcy Court for the Central District of California indicated as commenced by the voluntary petition of LEVINE on or about April 10, 2012, styled *In re: Claire Levine* and docketed as No. 2:12-bk-22639 (LA-12-22639).

13. "ESTATE" shall mean the bankruptcy estate of LEVINE arising from the BANKRUPTCY.

14. "TRUSTEE" shall mean the standing trustee to the BANKRUPTCY and ESTATE, Howard Ehrenberg.

15. "U.S. TRUSTEE" shall mean the United States Trustee related to this BANKRUPTCY and ESTATE, or his COUNSEL.

16. "DIP" shall mean the debtor-in-possession related to this BANKRUPTCY and Chapter 11 Estate, LEVINE in her representative capacity, or her bankruptcy COUNSEL, preceding the conversion of this case and the appointment of the TRUSTEE.

17. "AMADEUS" shall mean The Amadeus Trust, an express, revocable, living trust organized under the laws of the State of California by declaration of trust dated January 24, 2000.

18. "GOLDSTEIN" shall mean the individual Gerald Goldstein.

19. "LIFE ESTATE" shall mean the life estate of LEVINE and GOLDSTEIN.

20. "PROPERTY" shall refer to the real property described by Hawaii Land Court title certificate No. 842,781, Tax Map Key (2)2-1-08-091-0065, commonly described by the address 3800 Wailea Alanui Dr. #B101, Kihei, Hawaii 96753 in the census-designated place of Wailea in the County of Maui, as recorded in Hawaii Land Court Doc. No. T3548104.

21. "MORTGAGE" shall refer to the security instrument recorded as instrument T3548106 in the Hawaii Land Court on or about January 25, 2007, alleged to be originated by National City Bank, N.A. on or about January 22, 2007 as Account No. XXX0010, as to the PROPERTY.

22. "ASSIGNMENT" shall refer to the series of recorded Hawaii Land Court instruments that are alleged to evidence the transfer the of the MORTGAGE to a successor-in-interest and/or to YOU, including, but not limited to, Hawaii Land Court instruments T0181480, T8536314, T9698084, T9698085, and T9698086.

23. "NOTE" shall refer to the unrecorded note and addenda alleged to be originated by National City Bank, N.A. on or about January 22, 2007 relating to the PROPERTY, identified by the last-four digits as Account No. XXX0010.

24. "ALLONGE" shall refer to the continuation attachment page(s) to the NOTE reflecting additional endorsement signatures alleging the transfer of the NOTE to a third-party successor-in-interest and/or to YOU.

25. "ENDORSEMENT" shall refer to the chain of endorsement signatures on the NOTE and/or ALLONGE alleging the transfer of the NOTE to a third-party successor-in-interest and/or to YOU; or, in the alternative, the endorsement in blank or payable to bearer.

26. "ENCUMBRANCE" shall mean YOUR alleged interest in the PROPERTY, including, but not limited to, the alleged ASSIGNMENT of the MORTGAGE to YOU, as indicated by Hawaii Land Court instrument T9698086 recorded on or about July 21, 2016 to grantee TRINITY FINANCIAL SERVICES LLC; and also YOUR alleged interest in the NOTE as a third-party successor-in-interest and transferee.

27. "CLAIM" shall refer to any claim that you now have, or may later assert, against LEVINE and/or the ESTATE, inclusive of, but not limited to, claims arising from the MORTGAGE and NOTE; and claims against the interest of LEVINE and/or the ESTATE in the PROPERTY, AMADEUS, and/or the LIFE ESTATE; and claims against any other legal or equitable interest claimed by LEVINE and/or the ESTATE.

28. "CANCELLATION OF DEBT" shall refer to acts and documents evidencing the cancellation and/or forgiveness of indebtedness of LEVINE, GOLDSTEIN, and/or LIFE ESTATE related to the MORTGAGE, NOTE, and/or PROPERTY taking place on or about June 29, 2010.

29. "SETTLEMENT" shall refer to any acts and documents evidencing any negotiation, terms, evaluation, implementation, subsequent acts, and related acts that relate to settlement of the ENCUMBRANCE, MORTGAGE, or NOTE, irrespective of whether such settlement(s) was/were actually consummated, including, but not limited to the COMMUNICATIONS beginning on or about June 19, 2015, resulting in an offer made about September 25, 2015, and acceptance made on or about October 6, 2015.

30. "ESCROW" shall refer to any escrow related to the PROPERTY, including related matters being handled by Jeremy Trueblood and/or Title Guaranty of Hawaii, Inc..

31. "EVEN ST. PRODUCTIONS" shall refer to the New York Corporation Even St. Productions, Ltd. or the related New York Corporation Majoken, Inc., as either a pre-petition, bankrupt pre-confirmation, or post-confirmation entity, or their debtors-in-possession, principals, employees, and/or COUNSEL.

32. "EVEN ST. BANKRUPTCY" shall refer to the bankruptcy action filed in the U.S. Bankruptcy Court for the Central District of California, styled *In re: Even St. Productions, Ltd.*, and docketed as No. 2:13-bk-24363 (or LA-13-24363).

33. "EVEN ST. PROOF OF CLAIM" shall refer to the proof of claim filed by YOU in EVEN ST. BANKRUPTCY on or about April 24, 2017, docketed as Claim No. 17.

34. "EVEN ST. RELIEF MOTION" shall refer to the motion filed by YOU in the EVEN ST. BANKRUPTCY on or about May 9, 2017, docketed as ECF No. 757.

35. "EVEN ST. FILINGS" shall refer to all filings made by YOU in the EVEN ST. BANKRUPTCY, including the EVEN ST. PROOF OF CLAIM, EVEN ST. RELIEF MOTION, but also the stipulation filed on or about May 22, 2017 and docketed as ECF No. 775, the notice of lodgment filed on or about May 22, 2017 and docketed as ECF No. 776, and the withdrawal of claim filed on or about June 30, 2017 and docketed as ECF No. 814; and shall also refer to the order entered by the Court in response to YOUR motion and stipulation on or about May 22, 2017 and docketed as ECF No. 777.

36. "HAWAII COURT ACTION" shall refer to the action indicated as filed by YOU in the 2nd Circuit Court for the State of Hawaii on or about December 20, 2016, styled *Trinity Financial Services, LLC v. Gerald Goldstein, Claire Levine, et al.*, and docketed as No. 16-1-0620 (or 2CC-16-1000620).

37. "HAWAII COURT PENDENCY NOTICES" shall refer to the notices indicated as recorded by YOU in the Hawaii Land Court related to the HAWAII COURT ACTION, including, but not limited to the Notice of Pendency of Action recorded on or about January 18, 2017 as Hawaii Land Court instrument No. T9879361, and the Notice of Dismissal without Prejudice re: Plaintiff's Complaint to Foreclose Mortgage Dated December 20, 2016 and Release of Notice of Pendency of Action Filed August 30, 2017 recorded on or about September 6, 2017 as Hawaii Land Court instrument No. T10110247.

38. "SINCE 2007" shall refer to the period since the origination of the MORTGAGE in or about January 2007 to the present

*In re: Claire LEVINE*                                    - 4 -                    *Bankr. Cal. C.D. No. LA-12-22639-ER*
MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC
EXHIBIT B

39. "SINCE 2013" shall refer to the period since 2013 to the present.

40. "NATIONAL CITY BANK" shall refer to National City Bank, National Association, or the alleged originator of the MORTGAGE and NOTE.

41. "PNC BANK" shall refer to PNC Bank, National Association, or the alleged assignee or successor-in-interest to the MORTGAGE and NOTE.

42. "GREENWICH INVESTORS XL" shall refer to the Greenwich Investors XL Pass-Through Trust, or the alleged assignee or successor-in-interest to the MORTGAGE and NOTE.

43. "WILMINGTON TRUST" shall refer to Wilmington Trust, National Association, the alleged trustee of the assignee or successor-in-interest to the MORTGAGE and NOTE.

44. "WMD ASSET MANAGEMENT" shall refer to the alleged attorney-in-fact for the trustee of the assignee or successor-in-interest to the MORTGAGE and NOTE.

45. "RICHARD MONROE GROUP" shall refer to the Richard Monroe Group, Inc.

46. "STELLIS" shall refer to Stellis, LLC, or the alleged assignee or successor-in-interest to the MORTGAGE and NOTE.

47. "1ST ENCUMBRANCE" shall refer to the alleged mortgage and note evidenced by the security instrument recorded as instrument T3548105 in the Hawaii Land Court on or about January 25, 2007, alleged to be originated by Americorp Funding on or about January 19, 2007 as Account No. XX-XXXX1656.

48. "AMERICORP FUNDING" shall refer to Americorp Funding, or the entity alleged to have originated the senior mortgage encumbrance on the PROPERTY on or about January 19, 2007 as Account No. XX-XXXX1656 or Hawaii Land Court Instrument No. T3548105.

49. "MERS" shall refer to Mortgage Electronic Registration Systems, Inc., and the interested or constructive third-parties parties represented thereto, or the alleged assignee evidenced by Hawaii Land Court Instrument No. T3693428.

50. "CAPITAL ONE" shall refer to Capital One, national association, or the alleged assignee evidenced by Hawaii Land Court Instrument No. T3918358.

51. "LEU & OKUDA" shall refer to the law firm of Leu & Okuda or Leu Okuda & Doi, or its attorneys and staff including, but not limited to, Lester Leu or Karyn Doi.

52. "LAND COURT ACTION" shall refer to the petition indicated as filed by CAPITAL ONE by LEU & OKUDA in the Land Court for the State of Hawaii on or about November 16, 2011 styled *In: re Matson Navigation*, and docketed as No. 11-3737 (or 1LD11-1-003737).

53. "3RD ENCUMBRANCE" shall refer to the alleged mortgage and note evidenced by the security instrument recorded as instrument T3550687 in the Hawaii Land Court on or about January 30, 2007, alleged to be originated by Sky Lewis on or about January 22, 2007

54. "SKY LEWIS" shall refer to the individual Sky Lews or his husband Evan Foster, or the person alleged to have originated the junior mortgage encumbrance on the PROPERTY on or about January 30, 2007 as Hawaii Land Court Instrument No. T3550687.

55. "HAR-BRONSON" shall refer to HAR-Bronson Diversified, LLC, its manager Harvey Bookstein, or its member HAR, LLC, or the alleged assignee evidenced by Hawaii Land Court Instrument No. T8298062.

56. "AOAO" shall refer to The Association of Apartment Owners of Wailea Beach Villas, or its members, board, staff, or attorneys, including, but not limited to Anne Manalili or Levinson

Arshonsky & Kurtz, LLP; Christian P. Porter or Porter McGuire Kiakona & Chow LLP (or Porter Tom Quitiquit Chee & Watts, LLP; Brooks Tom Porter Quitiquit, LLP; or any related entities thereto); David Nakamura or Crockett & Nakamura (or successors thereto); or Ray P. Wimberley.

57. "WCA" shall refer to The Wailea Community Association, or its members, board, staff, or attorneys, including, but not limited to Christian P. Porter or Christian Porter or Porter McGuire Kiakona & Chow LLP (or Porter Tom Quitiquit Chee & Watts, LLP).

58. "DRH" shall refer to Destination Resorts Hawaii, Inc..

59. "PACIFIC WESTERN BANK" shall refer to Pacific Western Bank, inclusive of its attorneys, Jonathan Burke or Parker Milliken Clark O'Hara & Samuelian, P.C.; Richard A. Shaffer or Law Offices of Richard A. Shaffer

60. "SYLVESTER STEWART" shall refer to Sylvester Stewart, inclusive of his attorneys Robert Allan, Brian Tinkham, Edythe Huang, or Allan Law Group; William Forman, Julio Vergara, or Scheper Kim & Harris

61. "CANEEL CAPITAL" shall refer to Caneel Capital, LLC

62. "INVESTORS" shall refer to all inside or outside investors having any equitable, advisory, or decisional interest with respect to the ENCUMBRANCE or the PROPERTY.

63. "Relate(s) to", "related to", or "relating to" means to refer to, reflect, concern, pertain to, or in any manner be connected with the matter discussed, including but not limited to any COMMUNICATION, DOCUMENTS, or ESI directed to the indicated individual or entity.

INSTRUCTIONS

1. This discovery request seeks to command the production of designated documents, electronically stored information, and tangible things in YOUR possession, custody, and/or control by subpoena, consistent with F.R.B.P. rule 2004(c), F.R.B.P. rule 9016, and F.R.Civ.P. rule 45, and to permit the inspection, copying, testing, or sampling of the materials and premises as set forth in this request.

2. When answering the requests herein, YOU are required to furnish all information that is known or available to YOU, including YOUR members, managers, officers, directors, principals, shareholders, employees, consultants, agents, attorneys, accountants, security personnel, representatives, predecessors-in-interest, successors, heirs, assigns, or other persons/entities acting (or have acted) or who purport to act (or have purported to act) on behalf of YOU or TRINITY FINANCIAL SERVICES, LLC, including outside or third-party contractors performing any of the above functions.

3. If after making a reasonable investigation, YOU are still unable to respond fully to such request, YOU are required to answer to the fullest extent possible, specifying its reasons for YOUR inability to answer the remainder of the Request.

4. If YOU find the meaning of any term in these requests unclear, YOU shall assume a reasonable meaning, state what the assumed meaning is, and respond to the requests according to the assumed meaning.

5. YOUR written response shall be verified and under oath to each of the requests herein.

Possession, Custody or Control

6.  A DOCUMENT is deemed to be in YOUR possession, custody, and/or control if it is in YOUR actual possession or custody; or if it is in the custody of another person and YOU own the DOCUMENT in whole or in part; or have a right to inspect, examine or copy such DOCUMENT; or have any express or implied understanding that YOU may use, inspect, examine or copy such DOCUMENT when or if YOU seek to do so.

7.  If YOU know of the existence, past or present, of any DOCUMENTS described herein, but are unable to produce such DOCUMENTS because they are not presently in YOUR possession, custody of control (including the possession, custody or control of YOUR agents), YOU shall so state in YOUR response and shall identify (by name, address, telephone number, and electronic mail address) the person or entity in whose possession, custody or control the DOCUMENT was last known to reside.

Organization of Production

8.  YOU are to produce the DOCUMENTS and ESI called for herein in their original format as they are kept in the usual course of business, or to organize and label them to correspond to the categories set forth in the Requests.

9.  DOCUMENTS and ESI shall be produced in a way which preserves their identify, with order and sequencing of documents preserved to the greatest extent practicable.  Whenever the item being produced is a file, its folder or other container shall be produced with it.

Explanation for Not Producing a DOCUMENT

10. If YOU decline to produce any requested DOCUMENT, state with respect to each such DOCUMENT whether YOU decline to produce it because:
    a.  YOU claim it is privileged;
    b.  It never existed;
    c.  It once existed but no longer can be located;
    d.  It has been destroyed;
    e.  Other specified reasons.

Claims of Privilege

11. If any DOCUMENTS or ESI responsive to these Requests are claimed to be privileged or otherwise protected from disclosure, provide a description of each item by:
    a.  indicate the specific grounds claimed for the privilege or exclusion (including whether or not the subject matter or the contents of the document is limited to legal advice, or information provided for the purpose of securing legal advice);
    b.  indicate the date of the item;
    c.  indicate the title and subject matter of the item;
    d.  indicate the name, title, employer, and identifying address/number of all authors of the item, all senders of the item, and all persons participating in the preparation of the item;
    e.  indicate the name, title, employer, and identifying address/number of all addressees, all recipients of the document, all persons to whom copies were furnished, all persons known (or believed) to be possessing copies, and all persons

known (or believed) to have been communicated the substance of the item (including by copy, exhibition, reading, or substantial summarization); Additionally, indicate the name, title, employer, and identifying address/number of all persons supplying the information contained in the above list.

### DOCUMENTS that are Lost, Discarded or Destroyed

12. In the event that any of the DOCUMENTS that would have been responsive to these requests have been lost, discarded or destroyed, the DOCUMENT so lost, discarded or destroyed shall be identified as completely as possible in YOUR response to the particular request, including, without limitation, the following information:

    a. Date, content, author(s), and recipient(s) of the DOCUMENTS;
    b. Manner of disposal and persons or entity disposing of the DOCUMENTS;
    c. When and why such DOCUMENTS were disposed of or destroyed;
    d. The information contained in such DOCUMENTS;
    e. Any person or entity having knowledge as to the contents of such DOCUMENTS;
    f. The name, address, telephone number, and electronic mail address of the person or entity in whose possession, custody or control the DOCUMENT was last known to reside;
    g. Any person or entity having knowledge of the circumstances under which such DOCUMENTS were destroyed.

### Scope of Request

13. All DOCUMENTS requested herein relate to the time period SINCE 2007 only, up to and including the present, unless a particular demand suggests a different time period.

### Continuing Request

14. These requests shall be deemed continuing, so as to require further production that would supplement or correct YOUR disclosure or response in a timely manner if YOU obtain or discover additional DOCUMENTS or ESI, after the time of initial production and during the pendency of YOUR alleged ENCUMBRANCE in this BANKRUPTCY, or YOU learn that, in some material respect, YOUR disclosure or response is incomplete or incorrect, if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

### Method of Production

15. Prior to submitting your response, please advise whether YOU will be providing reproduced copies, and whether such copies will be produced in paper or electronic form.

16. If the production involves electronic files, please advise how YOU would prefer to produce the files: by removable storage media (such as DVD or CD), by fixed storage disk (external hard drive or flash drive), by electronic mail attachment, and/or by cloud storage upload.

17. Electronic mail attachment of responsive files should be MIME-encoded and limited to 20 megabytes per message transmittal, cumulative of all attachments to a single message. Transmittal can be made in segments by multiple messages, up to an arbitrary limit of 50 messages for this method of production.  Each message should be clearly numbered.

*In re: Claire LEVINE*                                                  - 8 -                          *Bankr. Cal. C.D. No. LA-12-22639-ER*
MOTION FOR AN EXAMINATION ORDER UNDER R.2004 AS TO INTEREST OF TRINITY FINANCIAL SERVICES, LLC
EXHIBIT B

18. It is recommended that a production exceeding 50 megabytes be by removable storage media and/or cloud storage.  The moving party is prepared to provide, at his expense, any needed blank storage media and/or credentials for access to cloud storage.

19. It is recommended that a production exceeding 10 gigabytes be by fixed storage disk, preferably by external USB hard drive or flash drive. The moving party is prepared to provide, at his expense, any needed blank storage disks.

ELECTRONICALLY STORED INFORMATION

20. As a general rule, ESI should be produced in the native file format in which it is ordinarily maintained, including all metadata.  If the native format is proprietary or requiring translation, ESI should be produced in a reasonably usable form or forms, using standards-compliant or open-source file formats to the greatest extent practicable.

21. Electronic mail messages should be produced in their native format, with all header and metadata information attached, and include all MIME-attachments.  If it is not reasonably possible to provide the native message format, the ESI may be transmitted in a message archive format that may be imported into an open-source e-mail client.  If archival storage transmittal is not reasonably possible, the document may be produced in rich text format, plain text format, or portable document format containing the underlying header and metadata content in some form.

22. PDF documents should be transmitted in native format.

23. Documents utilizing office productivity software, phone applications, or cloud-based services (such as Microsoft Word, Excel, PowerPoint, or the equivalent Macintosh and open-source applications/apps/services) should be produced in native format, with all metadata intact.  Given that the printed text or portable document format rendition of the same document may differ depending on the local environment and settings, both the native format document and derivative rendition of the document (printed copy or portable document format version of the same document) should be produced.

24. Image/audio/video content should be delivered in the native lossless format, if open standards-compliant, or exported into a lossless or low-loss (compression-minimized) open format if the native format is not open standards-compliant.

**REQUESTS FOR PRODUCTION**

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND ESI**

The following document requests are expected to be produced at least 24 hours prior to the date of oral examination.  In lieu of physical production, digitzed/reproduced copies of the documents may be produced, so long that the copy: 1.) shows both sides of the document (if both sides are utilized); a double-sided document may be produced as two sequential single-sided documents reflecting the content of both document faces; 2.) adequately depicts, in the copy, the content of the original document; and 3.) is imaged in the copy at a resolution greater than 200 dots-per-inch.  In lieu of a reproduction in paper form, <u>it is preferred that documents be produced in Portable Document File (PDF) electronic format</u>.

1. Any and all DOCUMENTS and ESI that refer to or relate to the ENCUMBRANCE, the MORTGAGE, the ASSIGNMENT, the NOTE, the ALLONGE, the ENDORSEMENT, or the CLAIM.

2. Any and all DOCUMENTS and ESI that refer to or relate to the PROPERTY.

3. Any and all DOCUMENTS and ESI that refer to or relate to the BANKRUPTCY or the ESTATE; or its AGENTS or COUNSEL, with respect to those matters.

4. Any and all DOCUMENTS and ESI that refer to or relate to LEVINE, as an individual or in any of her representative capacities, including, but not limited to, her capacity as DIP prior to the appointment of the TRUSTEE, as cotrustee of AMADEUS, as part of the LIFE ESTATE, or the manner in which she has held an interest in the PROPERTY; or LEVINE'S AGENTS or COUNSEL, with respect to those matters.

5. Any and all DOCUMENTS and ESI that refer to or relate to GOLDSTEIN, as an individual or in any of his representative capacities, including, but not limited to, his role as an officer for the debtor-in-possession in the EVEN ST. BANKRUPTCY, as cotrustee of AMADEUS, as part of the LIFE ESTATE, or the manner in which he has held an interest in the PROPERTY; or GOLDSTEIN'S AGENTS or COUNSEL, with respect to those matters.

6. Any and all DOCUMENTS and ESI that refer to or relate to TRUSTEE (or, previously, the DIP) or U.S. TRUSTEE, or their AGENTS or COUNSEL, with respect to the BANKRUPTCY, ESTATE, LEVINE, PROPERTY, ENCUMBRANCE, MORTGAGE, ASSIGNMENT, NOTE, ALLONGE, ENDORSEMENT, CLAIM, SETTLEMENT, CANCELLATION OF DEBT, DIP, GOLDSTEIN, AMADEUS, or LIFE ESTATE.

7. Any and all DOCUMENTS and ESI that refer to or relate to NATIONAL CITY BANK, PNC BANK, GREENWICH INVESTORS XL, WILMINGTON TRUST, WMD ASSET MANAGEMENT, RICHARD MONROE GROUP, STELLIS, or other alleged or actual predecessors-in-interest claiming an interest in the MORTGAGE or NOTE, or their AGENTS or COUNSEL, with respect to the PROPERTY, LEVINE, GOLDSTEIN, BANKRUPTCY, ESTATE, SETTLEMENT, CANCELLATION OF DEBT, ENCUMBRANCE, MORTGAGE, ASSIGNMENT, NOTE, ALLONGE, ENDORSEMENT, CLAIM, DIP, AMADEUS, or LIFE ESTATE.

8. Any and all DOCUMENTS and ESI that refer to or relate to AMERICORP FUNDING, MERS, CAPITAL ONE, or other parties who have claimed an interest in the 1ST ENCUMBRANCE, or their AGENTS or COUNSEL, with respect to the PROPERTY, LEVINE, GOLDSTEIN, BANKRUPTCY, ESTATE, SETTLEMENT, CANCELLATION OF DEBT, ENCUMBRANCE, MORTGAGE, ASSIGNMENT, NOTE, ALLONGE, ENDORSEMENT, CLAIM, DIP, AMADEUS, or LIFE ESTATE, including any intercreditor agreement or compact.

9. Any and all DOCUMENTS and ESI that refer to or relate to SKY LEWIS, HAR-BRONSON, or other parties who have claimed an interest in the 3RD ENCUMBRANCE, or their AGENTS or COUNSEL, with respect to the PROPERTY, LEVINE, GOLDSTEIN, BANKRUPTCY, ESTATE, SETTLEMENT, CANCELLATION OF DEBT, ENCUMBRANCE, MORTGAGE, ASSIGNMENT, NOTE, ALLONGE, ENDORSEMENT, CLAIM, DIP, AMADEUS, or LIFE ESTATE, including any intercreditor agreement or compact.

10. Any and all DOCUMENTS and ESI that refer to or relate to AOAO, WCA, DRH, or other parties who have claimed a statutory or non-consensual security interest in the PROPERTY, or their AGENTS or COUNSEL, with respect to the PROPERTY, LEVINE, GOLDSTEIN, BANKRUPTCY, ESTATE, SETTLEMENT, CANCELLATION OF DEBT, ENCUMBRANCE,

MORTGAGE, ASSIGNMENT, NOTE, ALLONGE, ENDORSEMENT, CLAIM, DIP, AMADEUS, or LIFE ESTATE, including any intercreditor agreement or compact.

11. Any and all DOCUMENTS and ESI that refer to or relate to EVEN ST. PRODUCTIONS, or its AGENTS or COUNSEL, the EVEN ST. BANKRUPTCY, the EVEN ST. PROOF OF CLAIM, the EVEN ST. RELIEF MOTION, and EVEN ST. FILINGS.

12. Any and all DOCUMENTS and ESI that refer to or relate to the HAWAII COURT ACTION, or the associated AGENTS or COUNSEL related to those actions.

13. Any and all DOCUMENTS and ESI that refer to or relate to the LAND COURT ACTION, or the associated AGENTS or COUNSEL related to those actions.

14. Any and all DOCUMENTS and ESI that refer to or relate to PACIFIC WESTERN BANK, or its AGENTS or COUNSEL, with respect to GOLDSTEIN, LEVINE, BANKRUPTCY, ESTATE, PROPERTY, ENCUMBRANCE, MORTGAGE, ASSIGNMENT, NOTE, ALLONGE, ENDORSEMENT, CLAIM, DIP, or LIFE ESTATE.

15. Any and all DOCUMENTS and ESI that refer to or relate to SYLVESTER STEWART, or his AGENTS or COUNSEL.

16. Any and all DOCUMENTS and ESI that refer to or relate to RUDINSKAS, or his AGENTS or COUNSEL.

17. Any and all DOCUMENTS and ESI that refer to or relate to the CANCELLATION OF DEBT, SETTLEMENT, or ESCROW.

18. Any and all DOCUMENTS and ESI that refer to or relate to the presentation, transmittal, forwarding, review, analysis, deliberation, or due diligence associated with the evaluation of offers for SETTLEMENT or resolution of the ENCUMBRANCE, MORTGAGE, or NOTE.

19. Any and all DOCUMENTS and ESI memorializing YOUR established policy, procedure, practice, and training for the evaluation of offers for SETTLEMENT or resolution SINCE 2010.

20. Any and all DOCUMENTS and ESI memorializing YOUR established policy, procedure, practice, and training for providing workouts, modifications, or other alternatives to foreclosure, including processes related to legislative, statutory, or regulatory enactments or covenants SINCE 2010.

21. Any and all DOCUMENTS and ESI that set forth any contractual, legal, regulatory, and administrative oversight, covenants, consent decrees, orders, settlements, judgments, statutes, regulations, and other performance conditions relating to the PROPERTY, MORTGAGE, or NOTE, and all DOCUMENTS, ESI, and COMMUNICATIONS evidencing compliance/non-compliance thereto.

22. Any and all DOCUMENTS and ESI that memorialize or reflect compliance plans or implementing policies, procedures, training, or memoranda implementing the covenants, consent decrees, orders, settlements, judgments, statutes, regulations, and other performance conditions  arising from contractual, legal, regulatory, and administrative oversight, relating to the PROPERTY, MORTGAGE, or NOTE, and all DOCUMENTS, ESI, and COMMUNICATIONS evidencing compliance/non-compliance thereto.

23. Any and all DOCUMENTS and ESI that refer or relate to the loan loss written down as to the PROPERTY, MORTGAGE, or NOTE, including any remunerative consideration or asset repurchase arrangements.

24. Any and all DOCUMENTS and ESI that memorialize and reflect the legal relationship between YOU and STELLIS operative SINCE 2007, including any asset purchase agreements related to the PROPERTY, MORTGAGE, or NOTE.

25. Any and all DOCUMENTS and ESI that memorialize and reflect the legal relationship between STELLIS and WILMINGTON TRUST operative SINCE 2007, including any asset purchase agreements related to the PROPERTY, MORTGAGE, or NOTE.

26. Any and all DOCUMENTS and ESI that memorialize and reflect the legal relationship between WILMINGTON TRUST and GREENWICH INVESTORS XL operative SINCE 2007, including the Declaration of Trust, its amendments, or any agreements related to the PROPERTY, MORTGAGE, or NOTE.

27. Any and all DOCUMENTS and ESI that memorialize and reflect the legal relationship between WILMINGTON TRUST and WMD ASSET MANAGEMENT operative SINCE 2007, including any legal/contractual relationships arising from its power-of-attorney or any agreements related to the PROPERTY, MORTGAGE, or NOTE.

28. Any and all DOCUMENTS and ESI that memorialize and reflect the legal relationship between RICHARD MONROE GROUP and YOU, STELLIS, or WILMINGTON TRUST, including any legal/contractual relationships arising from its power-of-attorney or any agreements related to the PROPERTY, MORTGAGE, or NOTE.

29. Any and all DOCUMENTS and ESI setting forth the other entities or natural persons authorized to act for YOU, STELLIS, WILMINGTON, WMD ASSET MANAGEMENT, or PNC BANK SINCE 2010 with respect to the PROPERTY, MORTGAGE, or NOTE, including any powers-of-attorney or other forms of legal authorization, and also any notices or forms of direction specifying or limiting any powers thereto.

30. Any and all DOCUMENTS and ESI reflecting the pooling, securitization, servicing, and management agreements related to the PROPERTY, MORTGAGE, or NOTE.

31. Any and all DOCUMENTS and ESI reflecting the prospectus, periodic or special-event financial disclosures, or other submissions related to any mortgage backed securities or investment tranches containing the PROPERTY, MORTGAGE, or NOTE.

32. Any and all DOCUMENTS and ESI reflecting the excerpts of YOUR inventory and records of loan collateral related to the PROPERTY, MORTGAGE, or NOTE.

33. DOCUMENTS and ESI memorializing YOUR DOCUMENT and ESI recordkeeping and retention policies, procedures, training, or memoranda SINCE 2010, including those related to the creation or maintenance of business records.

34. DOCUMENTS and ESI summarizing the design, organization, and implementation of YOUR recordkeeping, data, and information systems SINCE 2013, including any policies, procedures, training, or memoranda thereto.

35. DOCUMENTS, ESI, and COMMUNICATIONS setting forth YOUR established policy, procedure, practice, and training as to regulatory compliance SINCE 2010 as to matters germane to the ENCUMBRANCE or the PROPERTY.

36. YOUR organization chart SINCE 2010.

37. Lists and rosters of YOUR employees, staff, officers, managers, members SINCE 2010.

38. DOCUMENTS and ESI with or between YOUR INVESTORS, managers, members, officers, or managers relating to the PROPERTY, ENCUMBRANCE, MORTGAGE, NOTE, CANCELLATION OF DEBT, or SETTLEMENT, including any solicitation, prospectus, or offering statement issued prior to the alleged assignment of the MORTGAGE or NOTE.

39. DOCUMENTS and ESI that evidence YOUR performance of business formalities SINCE 2013, including the filed articles of organization (and any amendments), the filed statements of information, the operating agreement, the bylaws or standing rules, records evidencing the election of election of officers, records evidencing the conduct of annual meetings, records evidencing the delegation of operating authority, records evidencing allocation of responsibilities or setting of policy.

40. DOCUMENTS and ESI that evidence the operating relationship between YOU and your sole member CANEEL SINCE 2013, including any agreements or other forms of direction.

41. DOCUMENTS and ESI reflecting the business formalities that evidence lawful existence/operation of CANEEL SINCE 2013, including the filed articles of organization of CANEEL (and any amendments), the filed statements of information or CANEEL, the operating agreement of CANEEL, the bylaws or standing rules of CANEEL, records evidencing the election of election of officers of CANEEL.

42. DOCUMENTS and ESI setting forth the list of members of CANEEL SINCE 2013, sufficient to demonstrate the existence or non-existence of an insider relationship, and sufficient to demonstrate compliance with applicable law and regulation.

43. To the extent that any member(s) of CANEEL SINCE 2013 are not natural persons, provide an exemplar of any and all DOCUMENTS and ESI to YOU from the natural person or agent purporting to acting on behalf the parent entity, or identifying the natural person purporting to act for the parent entity.

44. Any and all DOCUMENTS and ESI that would evidence the existence of an insider relationship between CANEEL and any other interested party to the bankruptcy.

45. Any and all DOCUMENTS and ESI that would evidence the existence of an insider relationship between YOU and any other interested party to the bankruptcy.

46. Any and all DOCUMENTS and ESI that would evidence any fraudulent or unlawful act conducted by YOU or YOUR predecessors-in-interest in relation to the PROPERTY, MORTGAGE, or NOTE.

47. DOCUMENTS and ESI that you reviewed in preparation for the examination, or will rely upon at the examination.

48. DOCUMENTS and ESI that are responsive to the topics for examination set forth in EXHIBIT A, attached hereto.

**REQUESTS FOR PRODUCTION AND INSPECTION OF DOCUMENTS AND THINGS**

The following requests are for physical production and white glove inspection at the examination.

49. The original, holographically signed NOTE, and all ALLONGES thereto.

50. Each ASSIGNMENT with an original wet-ink notarization and/or holographic signature.

51. All drafts and unsigned copies of each ASSIGNMENT.

The following requests are for physical production of responsive DOCUMENTS containing features not otherwise digitized/reproduced:

52. All responsive DOCUMENTS with erasures, disappearing ink, or a writing substance not readily visible to the human eye.

53. All responsive DOCUMENTS with light-color ink or pencil marks.

54. All responsive DOCUMENTS with imprinted text impressions from another page.

55. All responsive DOCUMENTS with embossed features, including seals.

56. All responsive DOCUMENTS with watermarked or distinctive paper stock.

57. All responsive DOCUMENTS printed on color paper stock, other than white, cream, or ivory.

58. All responsive DOCUMENTS with color text or photographs, if such DOCUMENTS were only digitized/reproduced in monochrome/greyscale or were not digitized/reproduced.

59. All responsive oversized/undersized DOCUMENTS not otherwise digitized/reproduced.

60. All responsive adhesive/sticky notes, calculator/adding machine tape, tabs, file folder covers/indicies, binding covers, jacket labels, slips of paper, or other DOCUMENTS not otherwise digitized/reproduced.

### REQUEST FOR INSPECTION OF PREMISES

The following inspection request is held in abeyance if the examination takes place at an off-premises location of the Movant's choosing.  However, in the event that YOUR examination takes place at YOUR office, the subpoena requests the inspection of YOUR premises in accord with F.R.Civ.P. rule 45 (a)(1)(A)(iii), so as to permit entry onto property possessed or controlled by YOU, so the Movant may inspect, measure, survey, photograph, test, or sample the following property or any designated object or operation on it:

61. The location, placement, and appearance of:

   a.   YOUR on-premises desk, computer, and telephone;

   b.   The on-premises desk, computer, and telephone of employee David Vo;

   c.   The on-premises desk, computer, and telephone of employee Don Madden, III;

   d.   The on-premises desk, computer, and telephone of employee Don Madden, Jr.;

   e.   The on-premises file storage room/area; and

   f.   The on-premises server room/area or telecommunications room/area;

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is: 1348  S. Flower Street, Los Angeles, CA  90015-2908
A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR AN ORDER FOR EXAMINATION UNDER FED. R. BANKR. P. RULE 2004 OF: 1.) TRINITY FINANCIAL SERVICES, LLC, 2.) DON A. MADDEN, III, AND 3.) DAVID VO AS PARTIES POSSESSING INFORMATION RELATING TO THE RECORDED INTEREST OF TRINITY FINANCIAL SERVICES, LLC AGAINST REAL PROPERTY ADMINISTERED BY THE ESTATE AT 3800 WAILEA ALANUI DRIVE #B101, KIHEI, HAWAII 96753** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 5, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**DEBTOR** CLAIRE LEVINE represented by     [*see also the prior counsel service continuation shown on the attached page*]
      ATTORNEY: Stella A. Havkin - stella@havkinandshrago.com, havkinlaw@earthlink.net; r49306@notify.bestcase.com
**TRUSTEE** HOWARD M. EHRENBERG (TR) - ehrenbergtrustee@sulmeyerlaw.com, … [service list continued on attached page]
      GENERAL BANKRUPTCY COUNSEL: SULMEYERKUPETZ, P.C.
        ATTORNEY: Daniel A. Lev - dlev@sulmeyerlaw.com, … [*service address list continued on attached page*]
        ATTORNEY: Asa S. Hami - ahami@sulmeyerlaw.com, … [*service address list continued on attached page*]
**UNITED STATES TRUSTEE** [Peter C. Anderson, Region 16, LA Office] - ustpregion16.la.ecf@usdoj.gov represented by
      ATTORNEY: Dare Law - dare.law@usdoj.gov, kenneth.g.lau@usdoj.gov, alvin.mar@usdoj.gov, ron.maroko@usdoj.gov
**MOVANT: CREDITOR** (Unsecured Claim No. 9) PETER J. RUDINSKAS - pjr.legal@gmail.com
OTHER CREDITORS/INTERESTED PARTIES – see attached page  ☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **December 5, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. ~~Listing the judge here constitutes a declaration that mailing to the judge will be completed~~ no later than 24 hours after the document is filed.

**EXAMINEE: RECORDED SECOND LIEN TRANSFEREE** TRINITY FINANCIAL SERVICES, LLC, by and through
      AGENT OF SERVICE OF PROCESS: TRINITY FINANCIAL SERVICES, LLC (201417110104), care of
        InCorp Services, Inc., Agent of Service of Process, 5716 Corsa Ave., Ste. 110, Westlake Village*, CA 91362-7354
        [* *sic*, addressed as indicted with Cal. Secretary of State; pre-printed USPS label indicates "Thousand Oaks, CA"
        MAILING NO. 1: Item No. 9502-8000-1429-7326-0001-89 *via Certified Priority Mail with Electronic Return Receipt*
          ENCLOSED COPY 1: Addressed to TRINITY FINANCIAL SERVICES, LLC
          ENCLOSED COPY 2: Addressed to DON. A. MADDEN, III
          ENCLOSED COPY 3: Addressed to DAVID VO
        MAILING NO. 2 *via First-Class U.S. Mail*
      ATTORNEY (Office): Henry Paloci, HENRY D. PALOCI, III P.A., 5210 Lewis Rd. #5, Agoura Hills, CA 91301-2662
        (Item No. 9505-5000-1429-7318-0002-09 *via Priority Mail*)
        ENCLOSED COPY 1: Addressed to TRINITY FINANCIAL SERVICES, LLC
        ENCLOSED COPY 2: Addressed to DON. A. MADDEN, III
        ENCLOSED COPY 3: Addressed to DAVID VO
      ATTORNEY (Mailing): Henry Paloci, HENRY D. PALOCI, III P.A., P.O. Box 3906, Westlake Village, CA 91359-0906
      EXAMINEE: Trinity Financial Services, LLC, 610 Newport Center Dr., Ste. 1150, Newport Beach, CA 92660-6478
        MAILING NO. 1: Addressed to TRINITY FINANCIAL SERVICES, LLC
        MAILING NO. 2: Addressed to DON. A. MADDEN, III
        MAILING NO. 3: Addressed to DAVID VO
      EXAMINEE (Mailing): Trinity Financial Services, LLC, 2618 San Miguel Dr. #303, Newport Beach, CA 92660-5437
        MAILING NO. 1: Addressed to TRINITY FINANCIAL SERVICES, LLC
        MAILING NO. 2: Addressed to DON. A. MADDEN, III
        MAILING NO. 3: Addressed to DAVID VO

**INTERESTED PARTY: RECORDED THIRD LIEN TRANSFEREE** HAR-BRONSON DIVERSIFIED, LLC, by and through
      AGENT OF SERVICE OF PROCESS: HAR-BRONSON DIVERSIFIED, LLC (200707510051), care of
        Harvey A. Bookstein, Agent of Service of Process, 11766 Wilshire Blvd., 9th Floor, Los Angeles, CA 90025-6548
      ATTORNEY: Martin N. Burton, LAW OFFICE OF MARTIN N. BURTON, 2026 Hilldale Dr., La Canada,CA 91011-3005

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                  **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 5, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR** CLAIRE LEVINE, 1027 Napoli Drive, Pacific Palisades, CA 90272-4039 (*via Personal Delivery*)
**U.S. TRUSTEE** (*LBR 2002-2(a)(3)(A)*), 915 Wilshire Blvd., Ste. 1850, Los Angeles, CA 90017-3560 (*via Messenger Copy*)
**JUDGE** (*Chambers Copy*): Hon. Judge Ernest M. Robles, United States Bankruptcy Court,
        255 E. Temple Street, Suite 1560, Los Angeles, CA  90012-3542 (*via Messenger Delivery of Copy, after filing*)

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 5, 2015 Gerard L. Friend | /s/ Gerard L. Friend |
|---|---|
| *Date*                *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT
## (*continuation*)

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: [*continued*]

SERVICE ADDRESS CONTINUATION FROM PRECEDING PAGE

**TRUSTEE** HOWARD M. EHRENBERG (TR) - ehrenbergtrustee@sulmeyerlaw.com, [and additional service addresses] ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com represented by
   GENERAL BANKRUPTCY COUNSEL: SULMEYERKUPETZ, P.C.
      ATTORNEY: Daniel A. Lev - dlev@sulmeyerlaw.com, [and additional service addresses] asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
      ATTORNEY: Asa S. Hami - ahami@sulmeyerlaw.com, [and additional service addresses] agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
**TRUSTEE** HOWARD M. EHRENBERG (TR) additionally represented as PLAINTIFF (in Case No. BC445345) by
   SPECIAL COUNSEL: Special Counsel MILLER BARONDESS LLP (in Cal. Super. (Los Angeles) No. BC445345)
      ATTORNEY: Jennifer M. Hashmall - mhashmall@millerbarondess.com, mramirez@millerbarondess.com


SERVICE LIST CONTINUATION ATTACHMENT FROM PRECEDING PAGE - ADDITIONAL INTERESTED PARTIES

**INTERESTED PARTY: RECORDED FIRST LIEN TRANSFEREE / SECURED CLAIMANT** (NO. 3): CAPITAL ONE, N.A.
   CAPITAL ONE, N.A. represented by HUNTON & WILLIAMS, LLP
      ATTORNEY: Matthew A Mannering - mmannering@hunton.com
   CAPITAL ONE, N.A. represented by MCCARTHY & HOLTHUS, LLP
      ATTORNEY: Mehrdaud Jafarnia - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
   CAPITAL ONE, N.A., its assignees and/or successors, represented by MCCARTHY HOLTHUS, LLP
      ATTORNEY: Mehrdaud Jafarnia on behalf of Creditor bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
      ATTORNEY: Kelly M. Raftery - bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
      ATTORNEY: Jennifer C. Wong - bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
      ATTORNEY: Kristin A. Zilberstein - ecfnotifications@ghidottilaw.com

**INTERESTED PARTY: RECORDED STATUTORY LIENHOLDER / SECURED CLAIMANT** (NO. 5 / NO. 6):
   ASSOC. OF APARTMENT OWNERS OF WAILEA BEACH VILLAS represented by LEVINSON ARSHONSKY & KURTZ, LLP
      ATTORNEY: Anne C. Manalili - acmecf@laklawyers.com

**INTERESTED PARTY: RECORDED CO-TENANT (**BY ENTIRETY**) / PENDENT DEFENDANT** (LASC No. BC445345) /
   **CLAIMANT** (NO. 10, *objection pending*) GERALD GOLDSTEIN represented by NEMECEK & COLE, P.C.
      ATTORNEY: Jonathan B. Cole - jcole@nemecek-cole.com, srodriguez@nemecek-cole.com; wjeffries@nemecek-cole.com; kmorganella@nemecek-cole.com
      ATTORNEY: Mark Schaeffer - mschaeffer@nemecek-cole.com, ghenderson@nemecek-cole.com

**INTERESTED PARTY** (*DISPUTED*)**: NON-ESTATE CREDITOR** (Claims Only Against Mr. Goldstein / Related Entities)
PACIFIC WESTERN BANK represented by PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, P.C.
   ATTORNEY: Jonathan E. Burke - jburke@pmcos.com, malvarado@pmcos.com, efilings@pmcos.com
PACIFIC WESTERN BANK represented by LAW OFFICES OF RICHARD A. SHAFFER
   ATTORNEY: Richard A. Shaffer - rick@raslaw.com, rick@ecf.inforuptcy.com

ADDITIONAL ESTATE CREDITORS AND LIENHOLDERS OF RECORD

THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, as trustee for the CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11 represented by MILES, BAUER, BERGSTROM & WINTERS, LLP
   ATTORNEY: Mark Domeyer - mdomeyer@denleyinvestment.com
   ATTORNEY: Cori B. Jones - cjones@wrightlegal.net, spolin@wrightlegal.net
   ATTORNEY: Brian H. Tran - bankruptcy@zievelaw.com
   NOTICED ATTORNEY: Richard J. Bauer, Jr. - rbauer@mileslegal.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

WELLS FARGO BANK, N.A., f/k/a WELLS FARGO BANK MINNESOTA N.A., as trustee for THE HOLDERS OF THE
  BANC OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-G
  (SECURED CLAIMANT NO. 4) represented by MILES, BAUER, BERGSTROM & WINTERS
    ATTORNEY: Mark Domeyer - mdomeyer@denleyinvestment.com
    NOTICED ATTORNEY: Richard J. Bauer, Jr. - rbauer@mileslegal.com

WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually but as trustee for
  PRETIUM MORTGAGE ACQUISITION TRUST represented by BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
    ATTORNEY: Brandye N. Foreman - cdcaecf@bdfgroup.com
    NOTICED ATTORNEY: Edward A. Treder - cdcaecf@bdfgroup.com
WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually but as trustee for
  PRETIUM MORTGAGE ACQUISITION TRUST represented by MCCARTHY & HOLTHUS, LLP receiving interested-party notice by
    NOTICED ATTORNEY: Mehrdaud Jafarnia - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP receiving interested-party notice by
    NOTICED ATTORNEY: Edward A. Treder - cdcaecf@bdfgroup.com

11847 GORHAM HOMEOWNERS ASSOCIATION represented by SWEDELSON & GOTTLIEB
    ATTORNEY: Sean D. Allen - allen@RAattorneys.com

BANK OF AMERICA, N.A. represented by MILES, BAUER, BERGSTROM & WINTERS, LLP
    ATTORNEY: Mark Domeyer - mdomeyer@denleyinvestment.com
    NOTICED ATTORNEY: Richard J. Bauer, Jr. - rbauer@mileslegal.com

MILLER BARONDESS LLP (UNSECURED CLAIMANT NO. 8):
    ATTORNEY: Jennifer M. Hashmall - mhashmall@millerbarondess.com, mramirez@millerbarondess.com


PRIOR CREDITORS/LIENHOLDERS OF THE ESTATE, WHOSE CLAIMS HAVE BEEN FULLY RESOLVED

RECORDED LIENHOLDER: 888 Napoli Dr., Pacific Palisades, CA 90272 – *Stay Relief Ordered on 05/10/2012 (Doc. 40)*
    NAPOLI PALISADES PARTNERS, LLC represented by THE LAW OFFICES OF MICHELLE GHIDOTTI
        ATTORNEY: Michelle R. Ghidotti - ECFNotifications@ghidottilaw.com

RECORDED LIENHOLDER: 15 E. 69th St. #4D, New York, NY 10021 – *Property Ordered Sold on 03/05/2013 (Doc. 174)*
    J.P.MORGAN CHASE BANK, N.A. represented by HAIGHT BROWN & BONESTEEL, LLP
        ATTORNEY: Krsto Mijanovic - kmijanovic@hbblaw.com

CLAIMANT NO. 7 – *Settlement Order Entered on 01/30/2014 (Doc. 268)*
    MORTIMER SACKLER represented by CHADBOURNE & PARKE, L.L.P. (NORTON ROSE FULBRIGHT LLP)
        ATTORNEY: Christy Rivera - crivera@chadbourne.com


PRIOR NON-CREDITOR INTERESTED PARTIES, WHOSE MATTERS HAVE BEEN FULLY ADJUDICATED

LAUREN LEBOWITZ represented by STINSON LEONARD STREET, LLP receiving interested-party notice by
    ATTORNEY: Thomas J. Salerno - thomas.salerno@stinson.com, lindsay.petrowski@stinson.com


PRIOR COUNSEL TO ACTIVE PARTIES

DEBTOR CLAIRE LEVINE previously represented by
  PRIOR ATTORNEY: Dennis E. McGoldrick - dmcgoldricklaw@yahoo.com
  PRIOR ATTORNEY: Thomas M. Geher - tmg@jmbm.com, bt@jmbm.com; fc3@jmbm.com; tmg@ecf.inforuptcy.com

###

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**