PETER RUDINSKAS
< pjr.legal@gmail.com >
P.O. Box 24671
Los Angeles, CA  90024-0671
(661) 375-7485 – Phone
(310) 388-6414 – Facsimile

    Creditor, *in pro se*

Gerard L. Friend (Cal. Bar No. 101718)
< GLFriend@GerardFriend.com >
LAW OFFICE OF GERARD L. FRIEND
1348  S. Flower Street
Los Angeles, CA  90015-2908
(213) 689-8900 – Phone
(213) 689-8901 – Facsimile

    Limited Scope Counsel to
    Creditor PETER RUDINSKAS

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>    CLAIRE LEVINE,<br><br>        Debtor. | Case No.    **2:12-bk-22639-ER**<br>Chapter 7 Voluntary Case<br><br>**RESPONSE AND JOINDER TO THE STATUS REPORT RE: CONSUMMATION OF SETTLEMENT RE: SALE OF B-101 UNIT IN MAUI, HAWAII** (DOC. 487, 493; DOC. 541)<br><br>Date:     January 24, 2018 (Wed.)<br>Time:    10:00 a.m.<br>Location:  Edward R. Roybal U.S. Courthouse<br>             255 E. Temple St., Courtroom 1568<br>             Los Angeles, CA  90012 |

TO THE HONORABLE U.S. BANKRUPTCY JUDGE ERNEST M. ROBLES;

TO THE TRUSTEE HOWARD EHRENBERG, AND HIS COUNSEL OF RECORD;

TO THE DEBTOR CLAIRE LEVINE, AND HER COUNSEL OF RECORD;

TO ALL OTHER INTERESTED PARTIES, AND THEIR COUNSEL OF RECORD:

I respectfully file the following response and joinder to the Status Report of Trustee Howard

Ehrenberg (Doc. 541) re: Consummation of the Settlement Agreement,[1] as Amended.[2]

---

[1] Doc. 326, incorporating, at 2:13-17, the agreement on motion at Doc. 317 Exh. A (pgs. 26-39)
[2] Doc. 427, incorporating, at 3:5-7, the amendment on motion at Doc. 373 Exh. 1 (pgs. 24-33)

This response is filed consistent with the Court's prior status conference order (Doc. 487), as amended (Doc. 493).

## I. JOINDER TO THE TRUSTEE'S SCHEDULING REQUEST

I wholeheartedly and vigorously join the Trustee's request that the Status Conference be continued for 60 days.  The estate parties are firmly committed to the path taken under the settlement agreement and believe that only one remaining matter impedes its implementation. The recent adversarial position of Trinity Financial Services, LLC (herein, "Trinity") can be expeditiously addressed by other procedural means, if the matter is not otherwise resolved at or before the January 24, 2017 Status Conference.

## II. EFFECT OF THE RECENT ACTIONS OF TRINITY FINANCIAL SERVICES, LLC

The estate parties quite reasonably believed that Trinity had entered into 1.) an enforceable agreement to resolve its recorded assignment and that 2.) its prior delays in performance were a result of pre-existing title defects and procedural inexperience.  While this apparent pattern of error persisted until mid-2017, the aberrant filing and _maintenance_ of the foreclosure action in abject violation of the _Levine_ stay—and Trinity's requested period of due diligence following the Hawaii Circuit Court action's dismissal in October 2017—substantially delayed the consummation of the prior settlement agreement.  My efforts to bring an examination under Rule 2004 resumed in late October 2017 after the dismissal of the Haw. Circuit Court action. I obtained important evidence on November 14, 2017 from Mr. Goldstein's counsel in substantiating the $50,000 compromise with Trinity.  The motion for the Examination was brought on December 5, 2017, with a scheduled date of December 26, 2017 (optionally extendible to December 31, 2017).  Trinity appeared in this action for the first time to object to the examination on December 25, 2017.  Significantly, Trinity will be providing the first substantive information regarding its position, pursuant to this Court's further order, on January 18, 2018 at Examination.  At least one procedural motion has been brought (Rule 9019 Motion, Doc. 516), however other viable procedural methods exist to effectuate a timely resolution of Trinity's

_In re: Claire LEVINE_                                          - 2 -                          _Bankr. Cal. C.D. No. LA-12-22639-ER_
RESPONSE TO THE STATUS REPORT RE: CONSUMMATION OF SETTLEMENT (DOC. 541)

quixotic position.  The Parties to the estate worked in good faith to resolve Trinity's *di minimis* recorded interest, used their diligent efforts to monitor and address Trinity's recordation delays, and then actively sought to obtain information and effectuate performance.  The same parties should not be prejudiced further by Trinity's intransigence to diligently live up to the terms of an express agreement or this Court's prior orders.

## III.  ADJUDICATION OF GOLDSTEIN'S CLAIM OBJECTION

Both the Debtor and Mr. Goldstein may be expected to continue to endeavor to minimize litigation costs while the outstanding issues related to the current settlement agreement are resolved.[3]  For that reason, it is my belief that the Debtor and Mr. Goldstein may be able to reach a agreement to toll, withdraw, or remand Mr. Goldstein's claim against the estate, while preserving Mr. Goldstein's ability to litigate that matter as a cross-complaint in the closely-related State Court action currently at standstill (Super. Cal. (Los Angeles) No. BC445345, *Ehrenberg (Levine) v. Goldstein, et al.*).

Should this not occur, it is my intention to join the Debtor's claim objection, or to bring a separate objection, to the claim of Mr. Goldstein (Claim No. 10).  For that reason, I must address the portion of the status conference related to the "the briefing schedule and procedures that will apply to adjudication of the Debtor's claim objection" (Doc. 487 pg. 2 §1).  Since the filing of the claim objection, substantial additional grounds for objection have been identified—both legal and factual.  In order to set the table for the matter, I have drafted written discovery related to the Goldstein claim objection.  I would expect to take at least one deposition prior to the determination of the objection on the merits, depending on the response to the written discovery. If Mr. Goldstein's claim is maintained in any amount, I intend to seek the claim's subordination given the insider relationship of Mr. Goldstein to the Debtor and the pending unadjudicated action

---

[3] To a certain extent, the litigation of the claim objection in parallel with settlement-related litigation against adverse lienholders would partially undermine the aims of the settlement to minimize otherwise unnecessary litigation.  However, the overwhelming benefit to the estate continues to exist by the settlement agreement, notwithstanding the added costs of litigation of both actions while the settlement is continuing to be effectuated, should such costs be required.

*In re: Claire LEVINE* - 3 - *Bankr. Cal. C.D. No. LA-12-22639-ER*
RESPONSE TO THE STATUS REPORT RE: CONSUMMATION OF SETTLEMENT (DOC. 541)

in State Court relating to the same controversy (and setoff/recoupment of the allowed claim, if any, from offsetting at-issue damages).

Given the above, I would ask that the setting of the calendar for the claim objection allow adequate time to file an amended objection, conduct discovery, prepare substantive briefs, among other steps necessary for the disposition of an important matter.  I would note that Mr. Goldstein's claim is very closely related to the matter at-issue in the pending state court action *against* Mr. Goldstein.  There is a risk of inconsistent rulings as to the same Trust Instrument, with one matter heard in a State Judicial Branch court and another matter heard in a Federal Article I court.  This circumstance may pose some unusual issues that ought to be thoughtfully analyzed.

## IV. CONCLUSION

Given the complexity of the Levine-Goldstein dispute, and the potential for it to multiply into several related-issue disputes with third-parties, I strongly support the continuation of the existing settlement framework, if at all possible—even if consummation of the settlement requires a further contested matter or an adversarial proceeding against only one holdout party.  The litigation of the Goldstein claim objection reduces the intended benefit of the settlement to the parties, given the potential cost associated with litigating that dispute.  However, I will be prepared to proceed with the claim objection, should the court so require it at this juncture.

Respectfully Submitted,

LAW OFFICE OF GERARD L. FRIEND

Dated: January 17, 2018

/s/ Gerard L. Friend
Gerard L. Friend, as limited scope counsel for
Creditor PETER RUDINSKAS

Dated: January 17, 2018

Creditor PETER RUDINSKAS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is: 1348  S. Flower Street, Los Angeles, CA  90015-2908
A true and correct copy of the foregoing document entitled: **RESPONSE AND JOINDER TO THE STATUS REPORT RE: CONSUMMATION OF SETTLEMENT RE: SALE OF B-101 UNIT IN MAUI, HAWAII (DOC. 487, 493; DOC. 541)**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 17, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**DEBTOR** CLAIRE LEVINE represented by    [*see also prior counsel service list continuation on attached page*]
   ATTORNEY: Stella A. Havkin - stella@havkinandshrago.com, havkinlaw@earthlink.net; r49306@notify.bestcase.com
**STATUS REPORT JOINDER CREDITOR** PETER J. RUDINSKAS (Unsecured Claim No. 9) - pjr.legal@gmail.com
**STATUS REPORT FILER TRUSTEE** HOWARD M. EHRENBERG (TR) - ehrenbergtrustee@sulmeyerlaw.com, …
   <u>GENERAL BANKRUPTCY COUNSEL</u>: SULMEYERKUPETZ, P.C.
    ATTORNEY: Daniel A. Lev - dlev@sulmeyerlaw.com, … [*service address list continued on attached page*]
    ATTORNEY: Asa S. Hami - ahami@sulmeyerlaw.com, … [*service address list continued on attached page*]
**UNITED STATES TRUSTEE** [Peter C. Anderson, Region 16, LA Office] - ustpregion16.la.ecf@usdoj.gov represented by
   ATTORNEY: Dare Law - dare.law@usdoj.gov, kenneth.g.lau@usdoj.gov, alvin.mar@usdoj.gov, ron.maroko@usdoj.gov
<u>OTHER CREDITORS/INTERESTED PARTIES</u> – see attached page ☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **January 17, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. ~~Listing the judge here constitutes a declaration that mailing to the judge will be completed~~ no later than 24 hours after the document is filed.

   NONE

                                    ☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 17, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR** CLAIRE LEVINE – claire.litigation@gmail.com (*via Electronic Mail, by stipulation*)

**JUDGE** (*Chambers Copy*): Hon. Judge Ernest M. Robles, United States Bankruptcy Court,
   255 E. Temple Street, Suite 1560, Los Angeles, CA  90012-3542 (*via Subsequent Delivery of Copy, after filing*)

                                    ☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| January 17, 2018 Gerard L. Friend | | /s/ Gerard L. Friend |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT
## (*continuation*)

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: [*continued*]

SERVICE ADDRESS CONTINUATION FROM PRECEDING PAGE
**TRUSTEE** HOWARD M. EHRENBERG (TR) - ehrenbergtrustee@sulmeyerlaw.com, [and additional service addresses]
  ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com represented by
  GENERAL BANKRUPTCY COUNSEL: SULMEYERKUPETZ, P.C.
    ATTORNEY: Daniel A. Lev - dlev@sulmeyerlaw.com, [and additional service addresses]
    asokolowski@sulmeyerlaw.com;dlev@ecf.inforuptcy.com;dwalker@sulmeyerlaw.com
    ATTORNEY: Asa S. Hami - ahami@sulmeyerlaw.com, [and additional service addresses]
    agonzalez@sulmeyerlaw.com;agonzalez@ecf.inforuptcy.com;ahami@ecf.inforuptcy.com
**TRUSTEE** HOWARD M. EHRENBERG (TR) additionally represented as PLAINTIFF (in Case No. BC445345) by
  SPECIAL COUNSEL: Special Counsel MILLER BARONDESS LLP (in Cal. Super. (Los Angeles) No. BC445345)
    ATTORNEY: Jennifer M. Hashmall - mhashmall@millerbarondess.com, mramirez@millerbarondess.com


SERVICE LIST CONTINUATION ATTACHMENT FROM PRECEDING PAGE - ADDITIONAL INTERESTED PARTIES

RECORDED FIRST LIEN TRANSFEREE / SECURED CLAIMANT (NO. 3): CAPITAL ONE, N.A.
  CAPITAL ONE, N.A. represented by HUNTON & WILLIAMS, LLP
    ATTORNEY: Matthew A Mannering - mmannering@hunton.com
  CAPITAL ONE, N.A. represented by MCCARTHY & HOLTHUS, LLP
    ATTORNEY: Mehrdaud Jafarnia - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
  CAPITAL ONE, N.A., its assignees and/or successors, represented by MCCARTHY HOLTHUS, LLP
    ATTORNEY: Mehrdaud Jafarnia on behalf of Creditor bknotice@mccarthyholthus.com,
      mjafarnia@ecf.inforuptcy.com
    ATTORNEY: Kelly M. Raftery - bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
    ATTORNEY: Jennifer C. Wong - bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
    ATTORNEY: Kristin A. Zilberstein - ecfnotifications@ghidottilaw.com

RECORDED SECOND LIEN TRANSFEREE
TRINITY FINANCIAL SERVICES, LLC represented by BURKE, WILLIAMS & SORENSEN, LLP
  ATTORNEY: Joseph P Buchman - jbuchman@bwslaw.com, svasquez@bwslaw.com
  ATTORNEY: Richard J. Reynolds - rreynolds@bwslaw.com, psoeffner@bwslaw.com, tmims@bwslaw.com,
    rjr-nef@bwslaw.com;fcabezas@bwslaw.com
  ATTORNEY: Rafael R. Garcia-Salgado - rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com

RECORDED STATUTORY LIENHOLDER / SECURED CLAIMANT (NO. 5 / NO. 6):
  ASSOC. OF APARTMENT OWNERS OF WAILEA BEACH VILLAS represented by LEVINSON ARSHONSKY & KURTZ, LLP
    ATTORNEY: Anne C. Manalili - acmecf@laklawyers.com

RECORDED CO-TRUSTEE / PENDENT DEFENDANT (LASC No. BC445345) / CLAIMANT (NO. 10, *objection pending*)
  GERALD GOLDSTEIN represented by NEMECEK & COLE, P.C.
    ATTORNEY: Jonathan B. Cole - jcole@nemecek-cole.com,
      srodriguez@nemecek-cole.com; wjeffries@nemecek-cole.com; kmorganella@nemecek-cole.com
    ATTORNEY: Mark Schaeffer - mschaeffer@nemecek-cole.com, ghenderson@nemecek-cole.com

NON-ESTATE CREDITOR (Claims Only Against Mr. Goldstein / Related Entities)
PACIFIC WESTERN BANK represented by PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, P.C.
  ATTORNEY: Jonathan E. Burke - jburke@pmcos.com, malvarado@pmcos.com, efilings@pmcos.com
PACIFIC WESTERN BANK represented by LAW OFFICES OF RICHARD A. SHAFFER
  ATTORNEY: Richard A. Shaffer - rick@raslaw.com, rick@ecf.inforuptcy.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

ADDITIONAL ESTATE CREDITORS AND LIENHOLDERS OF RECORD

THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, as trustee for the CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11 represented by MILES, BAUER, BERGSTROM & WINTERS, LLP
   ATTORNEY: Mark Domeyer - mdomeyer@denleyinvestment.com
   ATTORNEY: Cori B. Jones - cjones@wrightlegal.net, spolin@wrightlegal.net
   ATTORNEY: Brian H. Tran - bankruptcy@zievelaw.com
   NOTICED ATTORNEY: Richard J. Bauer, Jr. - rbauer@mileslegal.com

WELLS FARGO BANK, N.A., f/k/a WELLS FARGO BANK MINNESOTA N.A., as trustee for THE HOLDERS OF THE BANC OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-G (SECURED CLAIMANT NO. 4) represented by MILES, BAUER, BERGSTROM & WINTERS
   ATTORNEY: Mark Domeyer - mdomeyer@denleyinvestment.com
   NOTICED ATTORNEY: Richard J. Bauer, Jr. - rbauer@mileslegal.com

WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually but as trustee for PRETIUM MORTGAGE ACQUISITION TRUST represented by BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
   ATTORNEY: Brandye N. Foreman - cdcaecf@bdfgroup.com
   NOTICED ATTORNEY: Edward A. Treder - cdcaecf@bdfgroup.com
WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually but as trustee for PRETIUM MORTGAGE ACQUISITION TRUST represented by MCCARTHY & HOLTHUS, LLP receiving interested-party notice by
   NOTICED ATTORNEY: Mehrdaud Jafarnia - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP receiving interested-party notice by
   NOTICED ATTORNEY: Edward A. Treder - cdcaecf@bdfgroup.com

11847 GORHAM HOMEOWNERS ASSOCIATION represented by SWEDELSON & GOTTLIEB
   ATTORNEY: Sean D. Allen - allen@RAattorneys.com

BANK OF AMERICA, N.A. represented by MILES, BAUER, BERGSTROM & WINTERS, LLP
   ATTORNEY: Mark Domeyer - mdomeyer@denleyinvestment.com
   NOTICED ATTORNEY: Richard J. Bauer, Jr. - rbauer@mileslegal.com

MILLER BARONDESS LLP (UNSECURED CLAIMANT NO. 8):
   ATTORNEY: Jennifer M. Hashmall - mhashmall@millerbarondess.com, mramirez@millerbarondess.com

PRIOR CREDITORS/LIENHOLDERS OF THE ESTATE, WHOSE CLAIMS HAVE BEEN FULLY RESOLVED

RECORDED LIENHOLDER: 888 Napoli Dr., Pacific Palisades, CA 90272 – *Stay Relief Ordered on 05/10/2012 (Doc. 40)*
   NAPOLI PALISADES PARTNERS, LLC represented by THE LAW OFFICES OF MICHELLE GHIDOTTI
      ATTORNEY: Michelle R. Ghidotti - ECFNotifications@ghidottilaw.com

RECORDED LIENHOLDER: 15 E. 69th St. #4D, New York, NY 10021 – *Property Ordered Sold on 03/05/2013 (Doc. 174)*
   J.P.MORGAN CHASE BANK, N.A. represented by HAIGHT BROWN & BONESTEEL, LLP
      ATTORNEY: Krsto Mijanovic - kmijanovic@hbblaw.com

CLAIMANT NO. 7 – *Settlement Order Entered on 01/30/2014 (Doc. 268)*
   MORTIMER SACKLER represented by CHADBOURNE & PARKE, L.L.P. (NORTON ROSE FULBRIGHT LLP)
      ATTORNEY: Christy Rivera - crivera@chadbourne.com

PRIOR NON-CREDITOR INTERESTED PARTIES, WHOSE MATTERS HAVE BEEN FULLY ADJUDICATED

LAUREN LEBOWITZ represented by STINSON LEONARD STREET, LLP receiving interested-party notice by
   ATTORNEY: Thomas J. Salerno - thomas.salerno@stinson.com, lindsay.petrowski@stinson.com

PRIOR COUNSEL TO ACTIVE PARTIES

DEBTOR CLAIRE LEVINE previously represented by
   PRIOR ATTORNEY: Dennis E. McGoldrick - dmcgoldricklaw@yahoo.com
   PRIOR ATTORNEY: Thomas M. Geher - tmg@jmbm.com, bt@jmbm.com; fc3@jmbm.com; tmg@ecf.inforuptcy.com
           ###

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                       **F 9013-3.1.PROOF.SERVICE**
*In re: CLAIRE LEVINE*                Page 3                *Bankr. Cal. C.D. No. 2:12-bk-22639-ER*